## HOWIE & MORRISON v. THE STATE OF ALABAMA.

1. Superadded words of condition beyond what are authorized by the statute will not destroy the effect of a recognizance; but it has precisely the same effect as if such superadded words were omitted.

2. A recognizance is properly certified to the Circuit Court, when it commences thus: Be it remembered that on, &c., came R. H. P. &c., before me, J. F., a justice of the peace in and for the County, &c. who acknowledged themselves, &c. and is signed by the justice.

3. It is unnecessary to recite the recognizance in the judgment *nisi* : it is only necessary to show that the accused was required in court to answer the charge which his recognizors have stipulated he should answer, and the consequent forfeiture of the recognizance; therefore, a misrecital of the recognizance will not avoid the judgment.

4. If the charge which the accused was called to answer varies from that described in the condition of the recognizance, no sufficient breach is shown, and the judgment *nisi* is erroneous.

5. A recital in the judgment *nisi*, that the accused was called to answer to an indictment for forgery, is not a sufficient averment of the breach of a recognizance, conditioned that the accused should appear and answer a charge for counterfeiting a certain draft purporting to be drawn by J. D. L., in favor of and endorsed by J. O. on R. L. W. and accepted by him for two thousand dollars.

6. When a judgment *nisi* is rendered on a forfeited recognizance, the *sci. fa.* may be either joint or several, but after a final judgment against recognizors for several sums, the judgment severs against the several recognizors; and all subsequent proceedings must be several.

7. A joint writ of error cannot regularly be sued out by two recognizors when the final judgment ascertains a separate sum to be paid by each. The proper course is for each to sue out a writ of error; if they join, the writ will be dimissed.

## Writ of Error to the Circuit Court of Perry County.

*Scire facias* on a forfeited recognizance, the entry of the judgment *nisi* is in the following terms—"This day came John P. Graham, solicitor of the second judicial circuit, who prosecutes for the State of Alabama, and the defendant, Robert H. Porter, with Thomas J. Tuggle, John Howie, Henry D. Morrison and Jefferson J. Watts, at a former day, to wit: on the 24th

15

March 1839, entered into a recognisance before one John Falls a justice of the peace in and for said County of Perry and State of Alabama, by which they acknowledged themselves to owe and be indebted to the State of Alabama, that is to say Robert H. Porter in the sum of three thousand dollars, and Thomas J. Tuggle, John Howie, Henry D. Morrison, and Jefferson J. Watts, his securities in the sum of fifteen hundred dollars each, to be levied of their respective goods and chattles, lands and tenements, to be void on condition that the said Robert H. Porter make his personal appearance at the next Circuit Court, to wit, at the spring term of this Court, to answer on an indictment for forgery. Now at this day, the said Robert H. Porter, being solemnly called to come into court and answer said charge, came not but wholly made default. It is, therefore, considered by the court that the said Robert H. Porter and Thomas J. Tuggle, John Howie, Henry D. Morrison and Jefferson J. Watts forfeit their recognizance; and that the State of Alabama recover against the said Robert H. Porter, the sum of three thousand dollars, and Thomas J. Tuggle, John Howie, Henry D. Morrison and Jefferson J. Watts, the sum of fifteen hundred dollars each, the amount of their recognizance so forfeited as aforesaid, unless at the next term of this court they show sufficient cause why this order should not be made final; and a *scire facias* is ordered to issue."

A writ of *sci. fa.* issued, in which is recited the proceedings of the Circuit Court connected with the judgment *nisi;* it commands the Sheriff to make known the premises to all the recognizors, that they may be, and appear at the next term of the Circuit Court to show cause, if any they could, why the said forfeiture should not be made absolute and final. The *sci. fa.* was made known to Howie and Morrison who appeared, craved oyer of the recognizance and demurred. By consent the pleadings were not drawn in a formal manner, but the recognizance appears in the record in these words:

"THE STATE OF ALABAMA, PERRY COUNTY.

Be it remembered that on the 24th day of March A. D. 1839,

Howie & Morrison v. The State of Alabama.

came Robert H. Porter of the county aforesaid and Thomas J. Tuggle, *John McLemore*, John Howie, Henry D. Morrison and Jefferson J. Watts, all of the County aforesaid before me, John Falls, a justice of the peace in and for the county aforesaid, who acknowledge themselves to owe and be indebted to Arthur P. Bagby, Governor of the State of Alabama, and his successors, to wit: Robert H. Porter, in the sum of three thousand dollars and the said Thomas J. Tuggle, John McLemore, John Howie, Henry D. Morrison, and Jefferson J. Watts, each, in the sum of fifteen hundred dollars separately, of good and lawful money of this State, to be levied of their goods and chattles, lands and tenements, to the use of the said State. Now if the said Robert H. Porter shall make default hereunder written, to wit, the said Robert H. Porter has had a charge or allegation preferred against him by John Ormond and John De Loach before John Falls a justice of the peace in and for the County and State aforesaid, for counterfeiting a certain draft, purporting to be drawn by John De Loach in favor of one John Ormond and endorsed by him, on Robert L. Walker and accepted by him for the sum of two thousand dollars, dated, Uniontown, January 24th, A. D. 1839. Now, if the said Robert H. Porter shall well and truly appear and answer the above complaint at the next term of the Circuit Court, to be held in and for the county of Perry, at the usual place of holding the same, on the fifth Monday after the fourth Monday of March, A. D. 1839, and then and there answer the above complaint, and to abide by any judgment order or decree of the said court in this case, then this obligation to be void, otherwise to remain in full force and effect. Given under our hands and seals the day and date above written." This re_cognizance was signed and sealed by each of the persons named except McLemore and at the foot is these words, "Approved, John Falls, J. P."

The Circuit Court overruled the demurrer and the defendants failing to plead over, the judgment *nisi* against them, was made absolute, that the State recover, severally, of the said Howie and Morrison, one thousand five hundred dollars, and their respective proportions of the costs.

The defendants join in the writ of error and assign as error:

1st. The overruling of the demurrer to the *sci. fa.*

2d. The rendition of the judgment *nisi.*

EDWARDS, for the plaintiffs in error relied on the following to revise the judgment: 1st, the recognizance is not authorised by the statute. Aikin's Digest 115, 116. The condition to abide any order, judgment or decree of the court being superadded, not being a recognizance within the statute *sci. fa.* will not lie. Whitted v. the Governor, (6 Porter 335.)

2d. If the recognizance is admitted to be valid, it was never certified to the Circuit Court as required by the statute.

3d. The recognizance recited in the judgment *nisi* is variant from that set out in *oyer.*

1st. In the name of the recognizee.

2d. In the charge against the accused.

4th. The judgment *nisi* and the *sci. fa.* are joint when they should have been several.

J. L. MARTIN, for the Attorney General, contra.

GOLDTHWAITE, J. —The authority of the justices of the peace to take the recognizances of persons accused of crimes and misdemeanors is purchased by the 20th and 21st sections of the act of 1814. (Aikin's Digest, 115, 116: § 12, 13) They are directed to recognize them *to appear at the next term of the Circuit Court and answer the charge exhibited against them.* In the recognizance in the present case there is the superadded condition, *to abide by any order, judgment or decree of the Circuit Court in the case.* The condition to appear and answer a charge would be discharged by placing the accused in the custody of the court or its appropriate officers at any time previous to the time when he should be required to answer the charge; but a stipulation to abide the order, judgment or decree of a court would be broken, if the accused was to depart after answering and before execution. This seems to be the view of Ser-

geant Hawkins, when considering the extent and meaning of the terms *to appear and answer.* He says, indeed it must be confessed, that if a man's bail, who are his gaolers of his own choosing, do as effectually secure his appearance, and put him as much under the power of the court as if he had been in the custody of the appropriate officers; they seem to have answered and to have done all that can reasonably be required of them. The reasonableness of this opinion led to its adoption in practise in the days of this learned commentator, and we have no doubt of its soundness. Where, however, the condition is to answer an accusation *and not to depart until he shall be discharged by the court,* the same author is clear, that a refusal to appear to a second indictment after a *nolle prosequi* on the first, after personal notice is a forfeiture of the recognizance. (2 Hawk. P. C. bk. 2, ch. 15, §84, p. 162.)

This authority, is conclusive, to show the extent of the meaning of the terms, *to appear and answer*; and also, that a superadded condition, may impose a more enlarged obligation. It may be admitted, that the justice of the peace had no authority under the statute to impose on the recognizors the superadded condition, but it does not follow, that, thereby, the recognizance becomes void; it is merely inoperative as to the condition unauthorized by the statute and in its legal effect is precisely as if the additional words of condition were omitted. This was the conclusion of the court in Whitted v. The Governor, (6 Porter, 335) where it is said, "The Legislature have prescribed a warrant by its act, to guide the court in providing for a defendant's amenability to the judgment. This warrant has not been followed, and to the *extent it was departed from, the act of the court is void.*" The determination of the court in the case just cited was adverse to the sufficiency of the recognizance, although it contained the precise condition required by the statute, in connexion it is true, with others not authorised; but the statutory condition was entirely inoperative from the circumstance that a mere money judgment was rendered, and if the principal had been produced in court at a subsequent term, no proceedings could

then have been had against him.   As no end could be attained by his appearance in court it was held unnecessary to require his appearance.   Thus much·has been said in explanation of the case of Whitted v. The Governor; as without a critical examination it might seem to warrant the position assumed by the plaintiffs in error.

2. The next objection urged against this judgment is that the recognizance was not certified to the Circuit Court, as directed by the statute.   It may be doubted whether the effect of a recognizance can be avoided through the neglect of the justice of the peace to perform the duty imposed by the statute, but in the present case, the magistrate is not liable to the charge, for the only evidence which the Circuit Court had of the recognizance is derived from his certificate; he commences the record of the proceedings before him, by announcing that it must be remembered that on a certain day and year, certain persons came before him and entered into a recognizance.   The record is signed by him and it is this which verifies the record, which would be sufficient, if neither signed nor sealed by the recognizors; these circumstances not being essential to the validity of a recognizance which is defined to be *an obligation of record.*

Hence, we conclude, that the recognizance was sufficiently certified within the terms of the statute.

3. The objection that the recognizance, set out on *oyer*, is variant from that recited in the judgment *nisi*, is two-fold: 1st, as to the name of the recognizee; and 2d, as to the charge which the recognizors stipulated, the accused should appear and answer. The recital of the whole recognizance under judgment *nisi* is unnecessary; nothing is required in such an entry than the statement that the accused was required to answer the charge which the recognizors have stipulated that he should answer; that a default was made; and the recognizance forfeited *unless &c.* As no other part of the recognizance than the charge to be answered is essential to be recited in the judgment entry, we are led to the conclusion, that a misrecital of any other part would be entirely immaterial.

4—5. We have said it was requisite to state that the accused

was required to answer the charge which his recognizors had stipulated he should answer; this is necessary to show a breach of the recognizance, without which it would not be forfeited.   If the accused is required to answer a charge variant from that described in the condition of the recognizance, this will not show a breach; and a forfeiture in such a case, is not provided for, and a judgment *nisi* cannot be supported.   It is essential, therefore, to ascertain, if the record shows that the accused was required to answer the charge specified in the recognizance.   He was called to answer an indictment for *forgery;* his recognizors had stipulated that he should appear and  answer a charge, *for counterfeiting a certain draft, purporting to be drawn by John De Loach in favor of John Ormond, and endorsed by him, on R. L. Walker, and accepted by him for two thousand dollars, dated, Uniontown,* 24*th January,* 1839.   It is not possible to avoid the conclusion that the accused may have been called to answer for some other act of forgery than the one which his recognizors had stipulated he should answer.   If it is admitted that the magistrate was authorised to require the accused to answer for any charge of forgery the recognizors would in that event have had the option to have consented or have refused to be bound in this general manner.   As it is, they are entitled to stand on the conditions they have stipulated; and the State must be held to show affirmatively whatever is necessary to charge them.   The general term forgery includes an infinite number of cases; the recognizance mentions only one; and although it may be that the indictment against the accused is for the specific act of forgery, with which he was charged before the magistrate,  yet if it be so the record does  not disclose that he was called to answer such an indictment, without which there can be no forfeiture of the recognizance.   If suit was instituted on a bond with a like condition and  the breach was alleged in the same manner as in this judgment *nisi*, the declaration would  be bad on demurrer; as much certainty is required in the judgment *nisi*, as is requisite in showing a breach of  a contract in action of debt; and as this is not shown in the present case, the judgment is erroneous.

6. With respect to the last objection, we cannot arrive at the conclusion, that the form of the judgment is unwarranted by the rules of law. It never has been considered necessary, so far as we can ascertain, that proceedings of this sort should be conducted against each recognizor, severally, and each judgment disconnected from all others springing out of the same recognizance. The present practice has obtained uniformly throughout the State, and is safe and convenient. A contrary course would lead to much uncertainty, complexity and expense, which is now avoided. A *sci. fa.* is not necessarily a joint or several process, but may be in either form, when called for by convenience. This writ is nothing more than a notification to one or more presons, that certain proceedings have been had of record, and that certain consequences will follow, if sufficient cause is not shewn to arrest further proceedings. In such process there can be no reason to require a departure from the ordinary practice sanctioned by time and usage.

7. When a final judgment is rendered, on a recognizance, it must necessarily follow the condition. If the parties are jointly bound in one sum, then the judgment is joint; if they are bound in several sums, then must the judgment be several; and this is the same whether the judgment entry is made at the same time or otherwise. The consequence of this is, that all the proceedings subsequent to the final judgment must follow its character. In this case, there are two several judgments, though contained in the same entry; one against each of the plaintiffs in error for the same sum. Neither has any interest or concern with the judgment against the other; they should not therefore have joined in suing out the writ of error.

The consequence is, that the writ of error must be dismissed; but, as the case has been very fully argued on all the questions involved, we considered it proper to express our opinion, as it would be decisive of the cases if brought here on proper writs of error.