## CHILES v. BEAL.*

1. According to the modern practice, *oyer* is not demandable of a record, unless it be of a deed enrolled, letters of administration, &c.

2. The proper mode of taking advantage of a misrecital of a record in pleading, is, by the plea of *nul tiel record*, concluding with a prayer that the same may be inspected by the Court. A demurrer in such case, would not avail the defendant, because the record misrecited, does not become a part of the proceedings in the cause, until it is made such by bill of exceptions.

THIS was a proceeding by *scire facias* against bail in the County Court of Greene county. In the *sci. fa.* the action in which the defendant was bail, is described as an action of "trespass on the case upon promises." The record was vouched in usual form, but no profert was made of the bail bond.

The defendant craved oyer of the recognizance of bail, and the entire record of the cause in which bail was taken, set them out at length and demurred. The writ in that cause called upon defendant to answer to the plaintiff "in a plea of trespass on the case upon promises," while the condition of the bail bond, in reciting the writ, stated that the defendant was required to answer "in an action of trespass." The plaintiff joined in demurrer, and the demurrer was sustained. To revise that judgment, a writ of error has been prosecuted to this Court.

PECK & CLARK & J. B. CLARKE, for plaintiff in error.
MURPHY & JONES, for defendant.

COLLIER, C. J.—It is insisted for plaintiff in error, that as oyer cannot be had of a record, no objection could have been taken on demurrer to a defect in the bail bond.

Oyer it is said, was formerly demandable, not only of *deeds*, but of *records ;* but by the more recent practice, it is not granted of a record. The King v. Amery, (1 T. Rep. 150;) unless it be a deed enrolled, letters of administration, &c. of which profert is made. (1 Arch. Prac. 164.) Of *private writings not under seal*, oyer never could be claimed of right, but Courts will sometimes make an order for their production, so as to enable the opposite party to plead. (Tidd's Prac. 639: 8th ed.; 1 Saund. Rep. 9, d. n. (g); Stephen on Plead. 69, and notes 3, Amer. ed.; 1 Saund. Rep. 92, a. n. 3.)

The proper mode of taking advantage of a misrecital of a record in pleading, is not by a demurrer, but by the plea of *nul tiel record*, concluding with a prayer, that the same may be inspected by the court. (3 Salk. R. 330.) And this practice is dictated by the consideration, that the record misrecited, does not become a part of the proceedings in the cause, until it is made such by bill of exceptions. (9 Johns. Rep. 287; Dane's Ab. chap. 179, a. 13, s. 4.)

From this view, it will follow, that the variance (if any) between the bail bond actually executed, and that described in the *scire facias,* was not properly presented to the Court, for its decision.

As it is not pretended that the bail bond as described in the *scire facias*, is defective, the County Court should not have sustained the demurrer. And without inquiring whether the bond was described according to its legal effect, the judgment is reversed, and the cause remanded.