ROBINSON AND ANOTHER v. THE STATE.

1. Where a judgment by *default* has been rendered against bail in a criminal case, a revising court will not look to a recognizance found in the transcript, as a part of the record.

2. Although a *scire facias* issued upon a judgment *nisi*, rendered on a recognizance, be served upon all the recognizors, the State may take judgment against some of them, and allow the proceeding to be silently discontinued as to the others.

3. The 25th section of the 8th chapter of the penal code, makes the return of " not found" to an *original* and *alias scire facias* equivalent to the personal service of process.

WRIT of Error to the Circuit Court of Barbour.

Allen V. Robinson was indicted at the term of the circuit court of Barbour, holden in October, 1840, for betting at a faro bank, and a *capias* was thereupon issued to Macon, which was executed by arresting the defendant therein, who entered into a recognizance, with John W. Hinson, Thomas S. Woodward, Wm. C. Gilder, W. F. Baldwin and S. G. Devereux as his sureties, conditioned for his appearance at the circuit court of Barbour, on the third Monday in March, 1841, to answer to the indictment, &c., against him. Robinson not appearing, a formal judgment *nisi*, was rendered against himself and sureties, and a *scirie facias* thereupon issued to Macon, which was returned executed on all the parties but Robinson and Woodward. An *alias scirie facias* was then issued to the same county against the defendants not served, which was also returned " not found;" and thereupon a judgment reciting the judgment *nisi* and affirming that an orinal and *alias scire facias* had been issued and returned not served, and that defendants had failed to appear and show cause why the judgment *nisi* should not be made final, was rendered as follows : " Therefore on motion of the Solicitor, it is considered by the court, that the State of Alabama recover of the said Allen V. Robinson, and the said Thomas S. Woodward, the said sum of three hundred dollars, together with the costs in this behalf." The acknowledgment of the obligors indebtedness by the recognizance is as follows : " A. V. Robinson in the sum of three hun-

dred dollars, and the said securities in the sum of three hundred dollars separately." Robinson and Woodward only sue a writ of error.

Bascom and Brown, for the plaintiffs in error, insisted that the judgment should be reversed. 1. Because it was made final against two only of the obligors in the bond. 2. Because the two obligors against whom a final judgment was rendered, were never served with process. [Hayter v. The State, 7 Porter's Rep. 156.]

Attorney General for the State.

COLLIER, C. J.—In Chiles v. Beal, [3 Ala. Rep. 26,] which was a proceeding by *scire facias* against bail in a civil case, this court held, that although the bail bond was a record, yet it could not be looked to for the purpose of defeating the judgment below; that if there was a variance between the bond actually executed and that described in the *scire facias,* the proper mode of taking advantage of it, was by a plea of *nul tiel record* concluding with a prayer that the same might be inspected by the court; and that a demurrer in such a case would not avail the defendants, because the record mis-recited, does not become a part of the proceedings in the cause, until it is made such by bill of exceptions. In the transcript before us, we find a recognizance in which the recognizors severally acknowledge their indebtedness in usual form in the sum of three hundred dollars, but the *scire facias* describes a joint recognizance for that sum. Neither of the defendants appeared and pleaded, and as we can discover no difference in this respect between bail in civil and criminal cases, as to the manner of showing a variance between the recognizance of bail and the *scire facias,* we think that the recognizance cannot be referred to, for the purpose of showing that the judgment *nisi* does not conform to it.

The proceeding by *scire facias* on a forfeited recognizance is not governed by the rules which apply to actions prosecuted by individuals. Every joint judgment, bond, &c., is declared by statute to be joint and several in its legal effect, and process may be sued out against any one or more of the parties liable thereon, yet if suit is brought against all, and service of process perfected,

there can be no discontinuance as to one without putting an end to the entire case. This enactment has never been considered as applicable to a recognizance of bail in a criminal case, whether joint or several, nor has the more stringent rule of the common law which regulates proceedings on contracts between individuals, been held to inhibit the prosecution of a *scire facias*, and the recovery of the judgment against any one or more of several recognizors. The *scire facias* is regarded as a mere notice to the parties to the recognizance, to show cause why they should not be subjected to the payment of its penalty; the State may call upon such of the parties as its prosecuting officer may select, to show cause and allow the proceedings to be silently discontinued as to the others. [See Howie & Morrison v. The State, 1 Ala. Rep. 113.]

In respect to the second objection, it is enough to say, that the 25th section of the eighth chapter of the act " regulating punishments under the penitentiary system," has modified the law as laid down in Hayter v. The State, and makes the return of " not found" to an *original* and *alias scire facias* equivalent to the personal service of process. The record shows that two *nihils* were returned as to the plaintiffs in error, and according to the view taken of the first point, the judgment is affirmed.