## BROWDER v. THE STATE.

1. An irregular judgment *nisi* upon a recognizance may ·be vacated and set aside, even after a *scire facias* has been issued thereon, and the appropriate judgment may be entered *nunc pro tunc*.

2. An undertaking to answer to a charge for "resisting process," is sufficiently significant in a recognizance to indicate the offence intended to be charged, although the statute makes the offence consist in "knowingly and wilfully resisting or opposing any officer of this State in serving or attempting to serve, or execute, any legal writ or process whatsoever."

Writ of Error to the Circuit Court of Barbour.

This was a proceeding by a *scire facias* upon a recognizance to·appear and answer to a criminal charge. At the spring term of the Circuit Court, holden in 1843, the recognizance was forfeited, a judgment *nisi* rendered against the recognizors, and a *scire facias* issued thereon was returned "executed." Without any proceedings thereon, the case of the indictment was continued at the fall term of 1843. At the next term a second judgment *nisi* was rendered, and a *scire facias* issued thereon was executed. To this *sci. fa.* the defendant pleaded the first judgment in bar, having first demurred thereto without success. The State demurred to this plea, and the demurrer being overruled, an issue was joined and submitted to the Court, by which it was adjudged that the second judgment be vacated and the *sci. fa.* issued thereon be quashed.

On motion of the solicitor, a judgment *nunc pro tunc* was rendered against the recognizors in lieu of the judgment *nisi*, entered at the spring term of 1843. A *scire facias* was issued upon the amended judgment, to which the defendant demurred, and his demurrer being overruled, he pleaded *nul tiel record ;* whereupon judgment final was rendered for the State.

In the recognizance found in the record, the recognizors "severally" acknowledge "themselves to owe, and be in-.

debted, to the State of Alabama, in the sum of five hundred
dollars," conditioned, that " William B. Deloach, jr., person-
ally appear," &c. "and answer to a charge of the State
against him for resisting process," &c.   The judgment *nisi*
is several, viz : that the State recover of Deloach and the
plaintiff in error, each, the sum of $500.

J. Buford, for the plaintiff in error, made the following
points :· 1. A *sci. fa.* against bail ·is a civil action, [4 Ala.
Rep. 673,] and the recognizance may· be looked to as a part
of the record.   [1 Ala. ·Rep. 114; 4 Id. 673 ; 5 Id. 25.]
Robinson v. The State, 5 Ala. Rep.· 706, was a case of a
judgment by default.   2.  The recognizors acknowledged
themselves "severally" to owe, that is, each of them owed ;
this makes the recognizance joint, and the statute does not
make it otherwise.   [Clay's Dig. 233, § 61.]  If this be so,
the judgment on it should be joint also.   [1 Ala. Rep. 114;
4 Ala. Rep. 671.]   3.  A misrecital of the recognizance in the
*sci. fa.* is fatal. [5 Ala. Rep. 25.] 4. The judgment *nisi* and
*sci. fa.* thereon, are the substitute for a declaration, and should
describe the offence to be answered to, with as much precis-
ion as an indictment.   [7 Porter's Rep. 10 ; 1 Ala. Rep. 31, ·
·119; 5 Id. 25 ; 8 Porter's Rep. 472 ; Clay's Dig. 430, § 20 ;
2 Stew. & P. Rep. 220 ; 4 Porter's Rep. 428.]   Although
the principal in the recognizance may have *resisted process*,
yet· it may have been under circumstances entirely consistent
with his innocence—these words do not in themselves im-
port a criminal charge.    5.  If only the *sci. fa.* upon the judg-
ment *nunc pro tunc* is to be regarded, then it is insisted that
the demurrer should have been sustained, because the *sci. fa.*
does not show a sufficient warrant for thus rendering the
judgment—it sets out nothing but the judgment itself, with-
out disclosing the motion, and *memoranda* of record, to au-
thorize it to be perfected.

Attorney General, for ·the State.   The vacation of the
judgment first entered, and the quashing of the *sci. fa.* there-
on,, was certainly proper ; if not, it was not prejudicial to the
plaintiff ; and even if that question could now be raised, he
cannot complain of it.

The difference between the first judgment and that render-ed *nunc pro tunc*, is, that the one was joint and the other *several*, so as to conform to the recognizance—the *memoran-da* of record furnished a warrant for thus rendering it. [Gov-ernor, use, &c. v. Knight, at last term.] No objection ap-pears on the face of the last *sci. fa.;* the demurrer to it was therefore properly overruled.

As the judgment, *sci. fa.* and recognizance are consistent with each other, the judgment on the plea of *nul tiel record*, was proper. But if it were otherwise, the recognizance could not be looked to, to show a variance. [4 Dev. Rep. 475 ; 2 Dev. & Bat. Rep. 53.]

The description of the offence in the recognizance, need not be as precise and technical as in the indictment—in de-signating the offence its character is apparent—this is fully done in the present case, and it would not be consistent with our laws to require the strictness contended for by the plain-tiff in error. [Clay's Dig. 481, §§ 20, 30; 430, § 29.] U. States v. Bachelder, 2 Gall. Rep. 15.] It is believed that there can be no doubt, but the recognizance is several, and the judgment against each recognizor therefore correct.

COLLIER, C. J.—The judgment rendered upon the plea of the defendant below, to the *scire facias* issued upon the second judgment *nisi*, whether correct in point of form or not, certainly concedes to him all he asked, and quite as much as he was entitled to. It annuls that judgment, and quashes the *scire facias ;* thus an end was put not only to the proceeding then before the court, but the judgment being set aside, of course no process could be issued upon it in future.

The order for the judgment *nunc pro tunc* recites, that it appeared to the court, "from an inspection of the recogni-zance, the judgment *nisi*, rendered at the spring term, 1843, and the entry on the Judge's docket, made in the hand-writing of the Judge presiding at that term, that said judg-ment *nisi* should have been entered in the following, instead of the form then employed." Then follows a several judg-ment against each of the recognizors, for five hundred dol-lars, unless they show cause upon a *scire facias*, to the con-

Browder v. The State.

trary. The case upon the indictment, for any thing appearing to the contrary, was still pending and undetermined; but if this has been disposed of, the proceedings upon the recognizance were *in fieri*, and it was clearly competent for the court to have amended or vacated an interlocutory judgment. This is all that was attempted, and if any *memoranda* of record was necessary to sustain the action of the court, it cannot be assumed, in opposition to the recital, that it did not exist.

In the description of the recognizance, there is no discrepancy between the recognizance itself, the judgment *nisi*, and *scire facias*. They each affirm that the recognizors *severally* acknowledged themselves to be indebted in the sum of five hundred dollars. This we think very satisfactorily shows, that they were each liable to a judgment for that amount, and that the court did not incorrectly rule the law, if the recognizance describes the offence charged with sufficient precision. In Howie & Morrison v. The State, 1 Ala. Rep. 113, it was said, that the judgment *nisi* should show that the accused was required to answer the charge which his recognizors had stipulated he should answer; this was supposed to be necessary to show a breach of the recognizance, without which it could not be forfeited. It was accordingly held, that where the judgment *nisi* affirmed that the accused was called to answer an indictment for forgery, it was not supported by a recognizance which undertook that he should answer a charge "for counterfeiting a certain draft," particularly described by date, amount, and parties names. So in Badger and Clayton v. The State, 5 Ala. Rep. 21, the undertaking was, that the principal should appear and answer a charge of the State exhibited against him "for exhibiting a circus for pay, without first obtaining a license from the clerk of the County Court," &c.; the judgment *nisi* recited that he was called to come into court to answer a charge of the State "for exhibiting a circus, without first obtaining a license according to law." It was held, that the judgment did not conform to the undertaking of the recognizors—and a *dictum* is added, that the judgment was defective in itself, in not describing a legal charge—the correctness of which we need not now consider. Both these

Browder v. The State.

are cases in which there is an obvious discrepancy between the recognizance and the judgment.

In the case at bar, the statute on which the charge was founded, is doubtless the following, viz : " If any person or persons shall, knowingly and wilfully, resist or oppose any officer of this State, in serving or attempting to serve, or execute any legal writ or process whatsoever, he shall, on conviction thereof, be fined not less than fifty, and not exceeding one thousand dollars." [Clay's Dig. 430, § 20.] We think the terms " resisting process," are sufficiently significant in a recognizance, to indicate the offence intended to be charged. In the case cited from 5 Alabama Reports, the judgment professed to recite the charge, but failed in describing it, as it was expressed, both in the statute and recognizance. Here the offence is merely designated in the recognizance, the terms of which are adopted by the judgment. This we think quite sufficient ; it cannot be admitted that the same precision, in this respect, is required in a recognizance, as in an indictment.

The *scire facias* begins by stating, that at the spring term, 1845, a judgment *nisi* was rendered as of the spring term, 1843, of the Circuit Court, then sets out the judgment *in extenso*, merely omitting the preamble which was recited in the record, as a warrant for its rendition. If the *sci. fa.* were defective, without the aid of a statute, we are entirely satisfied that its defects would be cured by the act of 1833, " to simplify *scire facias's*, in criminal cases, and for other purposes." [Clay's Dig. 481.] See Ellison v. The State, 8 Ala. Rep. 273.]

It follows, from what has been said, that there is no error in the record; the judgment of the Circuit Court is consequently affirmed.