## HALL, ET AL. v. THE STATE.

1. The omission of a party's name in the body of a recognizance will not make it inoperative as to him, if he has regularly acknowledged it.

2. It is not indispensable to the validity of a recognizance which the recognizor has entered into before some court or officer authorized to take his acknowledgment, that it should be sealed by him.

3. *Quere ?* Where a recognizance is signed by several recognizors, and seals set opposite the names of some of them, if a seal be necessary to its validity, may not those upon the paper be referred to all who subscribed the obligation, and thus make the execution sufficient.

4. Where a judgment *nisi* has been rendered against joint and several recognizors, some of whom have regula rly executed and acknowledged the recognizance, the question whether the others are bound as recognizors, cannot be raised upon a joint demurrer to a *scire facias* against all the parties to the judgment *nisi.*

5. *Semble,* that oyer is not demandable of a record, unless it be a deed enrolled, letters of administration, &c.; the misrecital of a record must be taken advantage of by plea of *nul tiel record ;* but if a record be correctly set out in a *scire facias* issued upon it, and does not show the liability of one of a plurality of defendants, perhaps a several demurrer at his instance should be sustained.

6. A recognizance, by which the recognizors stipulate that the principal shall appear and answer a charge to be exhibited against him on behalf of the State for carrying concealed weapons, is sufficient, although the offence is not described in the terms of the statute.

7. In Badger and Clayton v. The State, 5 Ala. Rep. 21, the judgment of the Circuit Court was reversed upon the ground that there was a variance between the recognizance and judgment *nisi ;* the remark in respect to the sufficiency of the recognizance must be regarded as a mere *dictum.*

Writ of Error to the Circuit Court of Tuskaloosa.

AT the term of the Circuit Court, holden in September, 1844, a judgment was rendered in favor of the State against the plaintiffs in error, William J. Hall, Lewis Christian, Elihu Turner, Joseph H. Williams, and Thomas Clements, stating that Hall being called to come into court to answer the State " of a charge preferred against him by indictment for carrying concealed weapons, (as he was bound to do) came

not, but made default," and his co-obligors (whose names are recited above,) being called to come into court, and bring with them the body of their principal to answer, &c., came not, &c. "It is therefore considered by the court the said plaintiff recover of" the recognizors (naming them) "the sum of three hundred dollars, the amount of said recogni-zance, unless they and each of them appear at the next term of the court, and show good cause why the judgment should not be made final and absolute ; and it is ordered that a *scire facias* issue to each of the said defendants to appear and show cause accordingly," &c.

Writs of *scire facias* were accordingly issued and duly ex-ecuted upon each of the recognizors who appeared, craved oyer of the recognizance and demurred. The recognizance is the joint and several obligation of the recognizors, in the penal sum of three hundred dollars ; condition ed that Hall appear at the Circuit Court, "to answer a charge to be exhi-bited against him on behalf of the State of Alabama for car-rying concealed weapons, against the peace and dignity of the State," &c. The recognizance was thus executed and at-tested, viz : "W. J. Hall, (Seal,) Lewis Christian, (Seal,) Elihu (his ⋈ mark) Turner, (Seal,) J. H. Williams, (Seal,) Thomas Clements. Attest as to the signature W. J. Hall, Elihu Turner's mark, and J. H. Williams. Daniel Cribbs, sheriff, test. Robert Maxwell, test."

The demurrer was overruled, and the defendants declining to plead over, the judgment *nisi* was made final and absolute.

E. W. Peck and L. Clark for the plaintiff id error, made the following points, viz : 1. The interlocutory and final judgment is joint against all the recognizors, and if erroneous as to one is reversible as to all. It cannot be supported as to Clements, because he never executed the recognizance. The judgment cannot be supported because Hall, the principal was not recognized to answer an offence known to the law. See Clay's Dig. 436 ; 1 Ala. Rep. N. S. 113 ; 5 Ala. Rep. 22.

Attorney-General for the State.—It is not necessary that the names of th e obligors should appear in the body of the recognizance. The name of Clements distinctly appears at

the foot of it, not as an attesting witness, but as a party, the judgment *nisi*, and the *scire facias*, proceed upon this hypothesis, and if it was untrue in point of fact, the plea of *uon est factum* should have been interposed in the Circuit Court, and the objection cannot now be raised. If such a plea was not necessary, certainly the plea of *nul tiel record* should have been pleaded; for on a demurrer, the question of the execution of the recognizance could not be raised.

It is not necessary in a recognizance to describe the offence specifically, or with as much particularity as it is charged in an indictment. Browder v. The State, at this term; 2 Hawks. P. C. 183; 4 Monr. R. 130; 7 Cow. Rep. 141; 10 Wend. Rep. 431-464; 17 id. 252; 1 Chit. Cr. L. 33, 105; 19 Pick. Rep. 127.

The recognizors stipulate that their principal should appear and answer for the offence stated, and it is not allowable for them to object that it is not described in the terms of the law. The sureties are bound to have the accused forthcoming to answer what is objected against him. Bac. Ab. 361; Hawk. Pl. C. b. 2, ch. 15, § 84; 10 Wend. Rep. 431; 17 id. 252. The decisions of this court, which have been cited for the plaintiff in error, turn upon the variance between the recognizance and judgment *nisi*.

COLLIER, C. J.—In the posture in which this case is presented, we do not think it material to inquire whether it can be assumed as a legal conclusion from the fact that the name of Thomas Clements does not appear in the body of the recognizance with the others who subscribed it, that he is not one of the recognizors. The omission to affix a seal to the name of each one who subscribes a recognizance, which is regularly acknowledged before a court, or some officer authorized to take the acknowledgment, we should think cannot impair its validity, or make it less effective. A recognizance as such, does not derive its efficacy so much from the form of its execution, as from the occasion upon which it was taken, the object of it and the competency of the tribunal or officer who takes the acknowledgment of the recognizors. [5 Jacob's L. Dic. 393; 2 Black. Com. 341; 1 Chitty's Cr. L. 90; 2 Step. Com. 187.] But if a seal be necessary may not

one seal be referred to the names of all who subscribe the obligation, and thus make the execution sufficient. [1 Caine's Cases, 1 ; 9 Johns. Rep. 784 ; 3 Monr. Rep. 376.]

The omission of the names of the parties from the body of a recognizance cannot affect its validity, and the only reason, it would seem, that an inspection of it in the present case suggests why Clements is not a party, is because no blank was left for the insertion of his name, and the names of the other recognizors are inserted. [3 Dane's Ab. 599, and cases there cited ; 5 Mass. Rep. 538 ; 5 Taunt. R. 707 ; 5 Dane's Ab. 294, and cases cited.] But the question whether Clements joined joined in the recognizance could not be raised by a demurrer. A general demurrer is a confession of all facts informally stated, or which, though informally pleaded, are helped by the statutes of amendment. It does not however confess all matters of fact, but only such as are well and sufficiently pleaded. [Mansel on Dem. 96, 97.] By a demurrer, a question of law is raised between the parties and referred to the court for its decision, viz : whether the declaration discloses a good cause of action, or the plea an avoidable bar. [Step. Plead. 54 ; Mansel on Dem. 5.] And where an issue of law is thus made up, the court must give judgment for one party or the other. [Mansel on Dem. 94 ; 2 Cond. Rep. U. S. 132.]

We have frequently held, that where a *general demurrer* is interposed to *an entire declaration*, containing good and bad counts, that it must be overruled ; because it cannot be affirmed upon the entire case, that the plaintiff has no right to recover. Upon the same principle, if no other, the demurrer could not be sustained in this case, even conceding that the recognizance furnished intrinsic evidence that one of the defendants in the *scire facias* was not a party to it. In Robinson and another v. The State, 5 Ala. Rep. 706, it was said, that the proceeding by *scire facias*, on a forfeited recognizance is not governed by the rules which apply to actions prosecuted by individuals. That although the statute declared, that every joint judgment, bond, &c., should, in legal effect be joint and several, and process might be sued out against any one or more of the parties liable thereon, yet if all were sued and served with process, the action could not

Hall, et al. v. The State.

be discontinued as to any one, without putting an end to the entire case. *We said further*, that "this enactment has never been considered applicable to a recognizance of bail in a criminal case, whether joint or several, nor has the more stringent rule of the common law, which regulates proceedings on contracts between individuals, been held to inhibit the prosecution of a *scire facias*, and the recovery of a judgment against any one or more of several recognizors. The *scire facias* is regarded as a mere notice to the parties to the recognizance, to show cause why they should not be subjected to the payment of its penalty; the State may call upon such of the parties as its prosecuting officer may select, to show cause, and allow the proceedings to be silently discontinued as to the others." See also, Howie and Morrison v. The State, 1 Ala. Rep. 113. Here is an authority conclusive to show, that although some of the defendants against whom a judgment *nisi* is rendered, may resist a recovery, by proving that they were not recognizors, yet this is no answer to the *scire facas* as it respects their co-defendants; and as to these, the jvdgment may be made absolute. In the case before us, if the recognizance imposes a *legal obligation* upon those who executed it in the usual form, the demurrer it is clear, should not have been sustained; for the effect of allowing it, would have been to defeat a recovery *in toto*, as a demurrer in a case at law cannot be sustained in part, and overruled as to the residue, where it goes to the entire cause of action.

According to the modern practice, *oyer* is not demandable of a record, unless it be a deed enrolled, letters of administration, &c. [Step. Plead. 68-9; 3 Ala. Rep. 26.] The proper mode to take advantage of a misrecital of a record in pleading, is by plea of *nul tiel record*, concluding with a prayer that the same may be inspected by the court. A demurrer in such case would not avail the defendant, because the record misrecited does not become a part of the proceedings in the cause, until it is made such by bill of exceptions. [Step. Plead. 101; 3 Ala. Rep. *supra;* 2 Saund. on Pl. & Ev. 754-5; 7 Pick. Rep. 232; 1 Blackf. Rep. 16; 8 Sergt. & R. R. 239; 1 Saund. R. 291, C. N. C. The *scire facias*, in the case at bar professes to set out the recognizance and judgment

*nisi* at length, so that the plea of *nul tiel record* could not be necessary, if they are correctly copied to give to the defendants the benefit of any legal question which may arise upon their inspection. If the recognizance upon its face indicated that it was not the act of the defendant, Clements, then perhaps he might have filed a several demurrer, instead of uniting with his co-defendants. But if this was a matter of doubt upon an inspection of the record, an issue should have been submitted to a jury to determine whether that defendant joined in the recognizance.

The recognizors stipulate that Hall, the principal shall appear and "answer a charge to be exhibited against him on behalf of the State of Alabama, for carrying concealed weapons," &c.

This charge, it is insisted, is not an offence known to the laws of this State, and the recognizance does not impose a legal obligation either upon the principal or his sureties. In The People v. Blackman, 17 Wend. Rep. 255, the court say, " It is not necessary to set forth the offence in the *warrant, mittimus,* or *recognizance,* with all the particularity, or detail required in an indictment. *Mr. Chitty* lays down the doctrine that it is not necessary to set down the charge or offence at all in the warrant to arrest; and he seems to be fully supported by authority ;" it was concluded that the recognizance is valid, if the offence be charged *substantially,* though not in the words of the statute creating it. In Browder against the State, at this term, the recognizance required the principal to " appear, *&c.* and answer the charge of the State against him for resisting process." The offence denounced by the statute is, for knowingly, or wilfully resisting or opposing any officer of this State, in serving, or attempting to serve, or execute any legal writ, or process, whatsoever. The court said, " We think the terms, resisting process, are sufficiently significant in a recognizance to indicate the offence intended to be charged." *Again;* " Here the offence is merely designated in the recognizance, the terms of which are adopted by the judgment. This we think is quite sufficient; it cannot be admitted that the same precision in this respect, is required in a recognizance as in an indictment."

The act under which the recognizance in the case at bar

was taken, is as follows: " Every one who shall hereafter carry concealed about his person, a bowie knife, or knife or instrument of the like kind or description, by whatever name called, dirk, or any other deadly weapon," &c. " unless such person shall be threatened with, or have good cause to apprehend an attack, or be travelling, or setting out on a journey, shall on conviction," &c. [Clay's Dig. 436, § 4.] We think the conformity of the recognizance to the statute in this case, is quite as near as in Browder v. The State, at this term, and the offence charged is indicated as clearly in the one case as in the other. In the one, the place and mode of concealing the weapon is not expressed, nor is the character of the weapon shown; in the other, the description of the process, by whom and when issued, and in whose hands it was placed for execution does not appear. These are matters to be amplified in the indictment, while in each case we think the recognizance sufficiently particularizes the offence.

It is supposed by the counsel for the defendants, that the case of Badger and Clayton v. The State, 5 Ala. Rep. 21, is conclusive to show, that the recognizance is defective, in not stating the principal recognizor was required to answer an offence known to the law. The condition of the recognizance in that case, required the accused to answer a charge of the State, " exhibited against him for exhibiting a circus for pay, without first obtaining a license from the clerk of the county court," &c. The judgment *nisi* recites that he was called to answer a charge exhibited against him for exhibiting a circus without first obtaining a license according to law, came not, but made default. Upon the authority of Howie and Morrison v. The State, 1 Ala. Rep. N. S. 113, that the judgment *nisi* could not be made absolute, because it did not conform to the recognizance. It was also " added; that the judgment is not defective, for a misrecital of the charge against the principal recognizor, but as the *scire facias* can only be sustained by a valid judgment, it is defective in not stating any legal charge." This latter remark is a mere *dictum*, and was so considered by us in Browder v. The State, *supra;* it was not a point necessary to be decided, for the

opinion of the court clearly shows, that the judgment of reversal was rested upon the ground that there was a variance between the recognizance and judgment *nisi*. We mention this, that an opportunity may again be afforded of declaring that we cannot treat the *obiter dicta* of this, or any other court as authoritative. Whether the *dictum* referred to, is adverse to the view now taken, we will not stop to inquire. We have but to add, that the judgment of the Circuit Court is affirmed.