## FAULK AND FAULK v. THE STATE.

1. Where a recognizance states the offence for which the principal recognizor has undertaken to appear and answer, a judgment *nisi* rendered thereon should substantially describe the offence, or refer to it so that the recognizance may be identified; unless it is thus special, it would not support the final judgment, and the latter, if it conformed to the recognizance, would vary from the judgment *nisi*.

Error to the Circuit Court of Barbour.

AT the spring term of the Circuit Court, holden in 1844, a judgment *nisi* was rendered in the cause entitled thus : "The State v. William Faulk and Gaines Faulk," reciting, that the State came by the solicitor, and "the defendants came not, but made default after being solemnly called; and it appearing to the court, that the said Gaines Faulk gave bond in the sum of two hundred dollars, for his appearance at this term, to answer the charge against him in said case, with Andrew S. Faulk his security. And the said Andrew S. Faulk, the co-obligor of the said Gaines in the bond aforesaid, being also called to bring into court the body of the said Gaines Faulk, according to the tenor of his bond, brings him not, but makes default. Therefore," &c. Upon a *scire facias* being served upon the recognizors, a final judgment was rendered against them by default, at the next succeeding term of the court, reciting that "a judgment *nisi* was rendered against the defendants, in favor of the State of Alabama, for the sum of two hundred dollars, for the default of the said Gaines Faulk, in not appearing to answer to a charge of the State against him for an assault and battery; and a *scire facias*," &c. It is here assigned for error—1. That there is no offence recited in the judgment *nisi*. 2. The final judgment does not follow the judgment *nisi*.

J. BUFORD, for the plaintiff in error.

ATTORNEY GENERAL, for the State, insisted that it was not necessary to express in the judgment *nisi* for what offence the accused was recognized to appear and answer. If it be necessary that the record should furnish specific information upon the point, reference may be had to the recognizance and indictment. Neither the principal obligor or his surety can be surprised by the omission to particularize the offence in the judgment *nisi*. The final judgment does not depart from that on which it is founded, if the recognizance and indictment are referred to, as it is insisted they may be.

COLLIER, C. J.—The judgment *nisi* should indicate, not only that the principal recognizor stipulated for his appearance, to answer a charge to be exhibited, or an indictment pending, but it should so far identify the recognizance, as to show the charge for which it stated he was to appear and answer. [Howie and Morrison, 1 Ala. Rep. 118.] If the undertaking was to appear and answer all charges exhibited, or to be exhibited, we will not say that the recognizance would not be good, but where the charge is particularized, the judgment *nisi* should substantially describe the offence, or refer to it, that the recognizance may be identified, and the defendants in the judgment be informed what they are called on to answer. Unless the judgment *nisi* is thus special, it would not support the final judgment, and if the latter conformed to the recognizance, it might vary from the former. See Hall v. The State, at last term, and cases there cited.

For the irregularities brought to our view by the plaintiff in error, the judgment of the Circuit Court is reversed, and the cause remanded.