## HALL ET ALS. v. THE STATE.

1. A recognizance, by which the recognizors stipulate that the principal shall appear and answer to a charge of conspiracy, is sufficient, although it does not designate in the terms of the indictment, the particular act which he conspired to do.

2. A judgment *nisi*, on a forfeited recognizance, which does not specify the charge, that the principal recognizor was called to answer, is insufficient to support a judgment final.

3. A *scire facias*, on a forfeited recognizance, is a mere notice to the recognizors to show cause why the judgment *nisi* should not be made final, and a discontinuance as to any one or more of the parties, will not operate a discontinuance as to all.

4. Where two writs of *scire facias*, on a forfeited recognizance, are returned, *nihil*, by the sheriff of the county, in which the recognizance was entered into, it is equivalent to a service; but two such returns, by the sheriff of a different county, will not have the same effect.

5. A recognizance, taken by the court, in which the indictment is found, simultaneously with an order changing the venue to another county, and which is conditioned for the appearance of the accused, to answer the

Hall et als. v. The State.

charge, at the ensuing circuit court of the county, to which the cause is transferred, is not liable to objection on that account.

Error to the Circuit Court of Macon. Before the Hon. G. W. Stone.

THIS was a proceeding on a forfeited recognizance, at the instance of the State, against plaintiffs in error. A true bill was found against Hall, and another, at the fall term, 1841, of the circuit court of Montgomery county, for a conspiracy to cheat, swindle, and defraud, the Branch of the Bank of the State of Alabama at Montgomery, of goods and chattels, and moneys, &c. At the spring term, 1842, the venue was changed, and the cause transferred to Macon county, and at the same term of Montgomery circuit court, at which the change of venue was ordered, Hall and others, his securities, entered into recognizance in the sum of $1,000, conditioned, " that the said Dixon Hall appear at the next term of the circuit court, to be holden for Macon county, Alabama, to answer to a bill of indictment pending in said court against him for a conspiracy, and there to remain, from day to day, and from term to term, until discharged by due course of law." At the spring term, 1844, of the circuit court of Macon, a judgment *nisi* was entered against said Hall and his securities, having the word " conspiracy," in the caption of the entry, and which recites, that " the said Dixon Hall, being solemnly called to come into court and answer to the indictment in this case, as he is by his recognizance this day bound to do, comes not, but makes default." Writs of *scire facias* issued to the two succeeding terms of the court, each of which was returned by the sheriff of Autauga county, in which the said Hall and his securities lived, executed as to one of the securities, and not found, as to the remainder of the defendants. At the court following the return of the second *scire facias*, the judgment *nisi* was made absolute. Several assignments of error are now made, all of which sufficiently appear by the opinion delivered.

RICE & MORGAN, for plaintiffs in error.

1. Final judgment on a forfeited recognizance, cannot be

entered against such of the recognizors as are not served, where the original and *alias* writs of *scire facias* are returned not found by "the sheriff of Autauga county, and the recognizance was entered into in a different county. The return must be made by "the proper officer of the county in which the forfeited recognizance shall have been entered into." Clay's Dig. 442, § 25, proviso of that section ; McCurry v. Hooper, 12 Ala. Rep. 823, as to notice to parties.

2. The whole proceedings on the recognizance are discontinued, because there have been no legal proceedings on it for many terms, and because it has been improperly disposed of. A discontinuance as to one obligor, is a discontinuance as to all. Givens v. Robbins and Painter, 5 Ala. R. 676.

3. The judgment *nisi*, does not show what offence the principal was called to answer, or that he was called to answer any offence. This is an incurable defect. Howie et al. v. The State, 1 Ala. R. 113 ; Badger v. The State, 5 Ib. 21; State v. Turnipseed, 6 Ib. 664.

4. Each motion, demurrer and plea, filed by Dixon Hall, should have been sustained.

5. The recognizance is not sufficient to sustain any summary judgment, or authorize a forfeiture. It mentions no legal offence. "Conspiracy" does not, *per se*, import a criminal and indictable offence under our law. But if it did, the recognizance is void for uncertainty. State v. Turnipseed, 6 Ala. R. 664.

6. The recognizance is void, because it was taken by the circuit court of Montgomery, in a cause shown by the record to be pending in the county of Macon. After the change of venue, the circuit court of Montgomery had no power to take any recognizance, nor to do any other act in that cause, as its jurisdiction ceased with the change of venue. Boynton v. Foster, 7 Metc. Rep. 415. See Colt v. Partridge, 7 Metc. Rep. 573, where the statute of Massachusetts is set forth, on which the decision is based in Boynton v. Foster.

7. *Sci. fa.* executed on Thomas *W.* Hall, will not sustain a judgment final against Thomas *H.* Hall.

All the points presented by the record, are relied on by each plaintiff in error.

Vol. 15—55

8. The final judgment is an improper and illegal disposition of the cause as to one or more of the plaintiffs in error, and is therefore a discontinuance as to all. Givens v. Robbins, 5 Ala. R. 676; Greer v. McGehee, 3 Porter, 398.

ATTORNEY GENERAL, for the State.

1. There is no error in the manner in which the court below disposed of the multitudinous motions, demurrers and pleas, of plaintiff in error. The case is headed, "The State v. Dixon Hall and William Kirk—conspiracy," and the judgment *nisi* and *scire facias* recites that "Dixon Hall being called to answer the indictment in this case," &c. refers to the State v. him for conspiracy. There is a substantial conformity of the judgment to the recognizance, and the former need only recite, that defendant was called to answer the offence which the recognizors stipulated he should answer— the recognizance need not be recited. Badger and Clayton v. State, 5 Ala. R. 21; Howie and Morrison v. State, 1 Ib. 113; Farr v. State, 6 Ib. 794.

2. The word conspiracy sufficiently indicates the offence with which the party was charged, and is technical, as much so as assult and battery.

3. There was no discontinuance, until the party was legally discharged by having that fact spread upon the record, or entering a *nolle prosequi*, as the undertaking of the conusor was to appear from term to term, until discharged; and it is not necessary that any disposition appears to have been made of the case. Goodwin v. The Governor, 1 S. & P. 468; Kennedy v. Jackson, Minor's R. 137; Greer v. McGehee, 3 Porter, 398.

4. The defendant first entered into recognizance in Autauga county, and that was the county from which the original and *alias fi. fa.* should have been returned not found. The proper county is the county where arrested. Embree v. Lamb, 2 Yerg. 291; Miller v. White, 6 Ib. 269, 272.

COLLIER, C. J.—1. In Browder v. The State, 9 Ala. Rep. 58, the recognizance stipulated that the accused should appear "and answer to a charge of the State against him for resisting process," and it was held to be sufficiently indicative

of the offence, although the statute makes the offence consist in "knowingly or wilfully resisting or opposing any officer of this State in serving, or attempting to serve, or execute, any legal writ, or process whatsoever." So, in Hall et al. v. The State, 9 Ala. Rep. 827, the recognizors stipulated that the accused should appear and answer a charge to be exhibited against him, on behalf of the State, "for carrying concealed weapons;" and the recognizance was adjudged sufficient. The statute on which the prosecution was instituted, is as follows: "Every one, who shall hereafter carry concealed about his person, a bowie knife, or knife or instrument of like kind or description, by whatever name called, dirk, or any other deadly weapon," &c.; unless such person shall be threatened with, or have good cause to apprehend an attack, or be traveling or setting out on a journey, shall on conviction," &c. See Clay's Dig. 436, § 4. We cited, with approbation, The People v. Blackman, 17 Wend. Rep. 255, in which it was held, that a recognizance was valid, if the offence be charged *substantially*, though not in the words of the statute creating it. The court said, "it is not necessary to set forth the offence in the *warrant, mittimus* or *recognizance*, with all the particularity, or detail required in an indictment. *Mr. Chitty* lays down the doctrine, that it is not necessary to set out the charge or offence at all, in the warrant to arrest; and he seems to be fully supported by authority." The recognizance in the case before us, stipulates for the appearance of the accused, at the term of the circuit court next succeeding the time when it was entered into, "to be holden for Macon county, Alabama, to answer to a bill of indictment, pending in said court against him for a conspiracy, and there to remain from day to day, and from term to term, until discharged by due course of law." The indictment charges that the principal recognizor, and another person, (who has not been arrested,) with the intention "to cheat, swindle and defraud, the Branch of the Bank of the State of Alabama at Montgomery, of goods and chattels, and moneys, on," &c., "in the State aforesaid, unlawfully and wickedly did conspire, contrive, confederate and agree together, between and among themselves," &c. True, it would have been more formal, if the recognizance had recited the partic-

ular conspiracy with which the accused was charged. But this particularity was not observed in the cases cited. In the first, the process to which resistance was alledged to have been made, was not described, so as to identify it; and in the other, the character of the concealed weapon which was worn, was not stated: yet in both cases, the recognizance was considered sufficiently descriptive of the offence. The recognizance in the present case is equally precise—it designates the charge by the general term by which it is known; and we are constrained by the influence of authority, from which we have no desire to depart, to hold that it is not objectionable for generality.

2. On the margin of the judgment *nisi*, the case is thus stated: "The State v. Dixon Hall and William Kirk—conspiracy." The entry states that Dixon Hall was "called to come into court and answer to the indictment in this case, as he is by his recognizance this day bound to do, came not, but made default. It is therefore considered," &c. It is possible the note upon the margin is a sufficient warrant for a judgment *nunc pro tunc*, but it cannot of itself cure the defectiveness of the judgment as it now stands. Such a memorandum constitutes no part of the entry, and is not adopted as the act of the court; but is usually made by the clerk, for the convenience of reference. Catlin, Peeples & Co. v. Gilder's ex'rs, 3 Ala. Rep. 536. Placing this note out of view, as we must, and the judgment is a mere nullity, in not affirming that the accused was called to answer the charge to which himself and sureties had stipulated he should respond. Howie and Morrison v. The State, 1 Ala. Rep. 113; Badger and Clayton v. The State, 5 Ib. 21; Lindsay and Atkinson v. The State, June term, 1848.

3. In Robinson and another v. The State, 5 Ala. Rep. 706, we said that the proceeding by *scire facias* on a forfeited recognizance, is not governed by the rules which apply to actions prosecuted by individuals. That although the statute declared that every joint judgment, bond, &c. should in legal effect be joint and several, and process might be sued out against any one or more of the parties liable thereon, yet if all were sued and served with process, the action could not be discontinued as to any one, without putting an end to the

entire case.　*We said further*, that "this enactment has never been considered applicable to a recognizance of bail in a criminal case, whether joint or 'several, nor has the more stringent rule of the common law, which regulates proceedings on contracts between individuals, been held to inhibit the prosecution of a *scire facias*, and the recovery of a judgment against any one or more of several recognizors.　The *scire facias* is regarded as a mere notice to the parties to the recognizance, to show cause why they should not be subjected to the payment of its penalty : the State may call upon such of the parties as its prosecuting officer may select, to show cause, and allow the proceedings to be silently discontinued as to the others."　See Lyon v. the State Bank, 1 Stew. Rep. 442; Bondurant et al. v. Woods and Abbott, 1 Ala. Rep. N. S. 543.　Here is a sufficient answer to the argument, that a discontinuance as to one of the recognizors, operates to discontinue the proceeding *in toto*.

4. The 25th section of the 8th chapter of the penal code enacts, that "where an original and *alias* writ of *scire facias*, issued upon a judgment *nisi*, rendered at the instance of the State upon a forfeited recognizance, shall be returned 'not found,' such return shall be equivalent to personal service of the process, and authorize the court in which the judgment *nisi* was rendered, to make the same absolute : *Provided*, that such writs shall have been returned by the proper officer of the county, in which the forfeited recognizance shall have been entered into or acknowledged."　Clay's Dig. 442. This enactment is too explicit to afford ground for controversy.　Here, the indictment was found in Montgomery county, and there the recognizance was entered into.　It is clear, then, the return of "not found" to the original and *alias sci. fa.* as to some of the recognizors, did not, as against them, authorize the rendition of a final judgment.　These writs were placed in the hands of the sheriff of Autauga, who returned them.　To have entitled the State to proceed without the execution of process, it was indispensable that it should have complied with the *proviso* to the section cited, by causing the returns to have been made by the sheriff of Montgomery.

If the indictment is still pending, it will be entirely com-

Hall et als. v. The State.

petent for the court to perfect the judgment against all the recognizors; or upon a formal requisition being made for the appearance of the accused, or for his sureties to bring him into court, to enter a judgment *nisi*, anew, if default is made. The recognizance stipulates for the appearance of the accused from *day to day, and from term to term*, and thus their obligation is still operative, not in any manner impaired by the irregular proceedings that have been had.

5. The recognizance is not objectionable, because it was taken by the circuit court of Montgomery simultaneously with the order by which the venue was changed to Macon. In fact, there is nothing to indicate that it was not then entered into, unless it be the stipulation on its face to appear and answer to an indictment *pending* in the circuit court of Macon. When literally interpreted, this language implies that the transfer had already taken place, but judging from the inaccuracies in the record, it is altogether probable that the clerk who entered the recognizance, supposed that the indictment was actually *pending* in the court, to which it was directed to be transferred, *eo instanti* the order was made. Be this as it may, it is perfectly certain that the recognizance was entered into at the same term the change of venue was ordered, and during that time the cause, with all its incidents, was under the control of the circuit court of Montgomery, unless the papers had actually been transmitted. But even after the removal of the cause, it would have been competent for that court, and perhaps, under some circumstances, a duty, to have taken a recognizance. Suppose the accused had not been ready with his sureties, or been confined in jail for his inability to procure them when the change of *venue* was ordered, it would be clearly competent to have accepted his bail, afterwards, without imposing upon him the necessity of resorting to a *habeas corpus* to be relieved from imprisonment. There was certainly no defect of power in the court taking the recognizance, if we are to form an opinion from the record before us. It is wholly unnecessary to consider the other points made by the plaintiffs in error. The judgment of the circuit court is reversed, and the cause remanded.