## GRESHAM ET AL. *vs.* THE STATE.

48   625
99   187

[APPEAL FROM JUDGMENT ABSOLUTE ON FORFEITED BAIL BOND.]

1. *Bail bond; what sufficient proof of execution of.*—On the rendition of judgment final against obligors on a forfeited bail bond, taken and approved by a justice of the peace, for the appearance of the principal at the circuit court, *scire facias* having duly issued to them to appear and show cause why judgment final should not be rendered, no further proof of the execution of the bail bond is required, where it is in proper form, than the bond itself, properly signed by the justice who took and approved it.

2. *Same; execution of, how denied.*—On appeal in such a case to the supreme court, the obligors can not object that no sufficient proof was made in the court below of the execution of the bond. If the obligors did not execute the bond, they should have set it up as matter of defense by proper plea in the court below.

3. *Same; judgment nisi; what should state.*—A judgment *nisi* on a forfeited undertaking of bail should state the offense for which the accused was indicted.

4. *Sci. fa.; what should state.*—A *sci. fa.* on such a judgment should set out the judgment, or recite it substantially.

5. *Indictment for murder; will sustain forfeiture of appearance to answer for manslaughter.*—An indictment for murder of a certain person will sustain a judgment of forfeiture on a bail bond requiring the accused to answer a charge of manslaughter of the same person.

APPEAL from the Circuit Court of Pickens.
Tried before Hon. L. R. SMITH.

The facts appear in the opinion.

M. L. STANSEL, for appellant.
JOHN W. A. SANFORD, Attorney-General, *contra*.

B. F. SAFFOLD, J.—The appeal is from a judgment absolute on a forfeited bail bond.

On the 15th of March, 1871, the appellants entered into an obligation of bail, in the form prescribed by section 4239 of the Revised Code, for the appearance of William M. Gresham at the next term of the circuit court, to answer a charge of manslaughter. On the 16th of June, 1871, a

*scire facias*, or notice, was issued by the clerk of that court in substance as follows: It was addressed to the sheriff, and commanded him to make known to the appellants, naming them, that at the spring term, 1871, of the circuit court of Pickens county certain proceedings were had, which were set out. These proceedings contain a marginal statement of a case of the State against W. M. Gresham, without more. It is then recited that at that term of the court it appeared to the court that the said defendant, with his sureties, by name, had entered into bond, &c., for the appearance of the said defendant Gresham at that term of the court, &c., to answer an indictment to be preferred against him for manslaughter; and that the defendant being called, came not, but made default. Judgment was then rendered against them for the amount of the bond, unless they should appear at the next term and show cause to the contrary. A *scire facias* was ordered to issue to them. This notice was duly executed on Sprowl and J. B. Gresham. At the fall term, 1871, an *alias sci. fa.* was ordered, and was issued to, and served on, W. M. Gresham, which was of the same tenor as the other, except that it purported to be an *alias*, but omitted to state that the said defendant had failed to appear. No indictment for manslaughter appears to have been found against the defendant, but he was indicted at the spring term, 1871, for the murder of Thomas W. Ivey. At the fall term, 1871, the said defendant not having been before arrested, came into court and surrendered, whereupon, an *alias capias* was immediately issued and he was formally arrested. A demurrer to the *scire facias* for insufficiency was overruled. The defendants declined to plead further, and the court, upon the evidence of the record as above detailed, made the conditional judgment absolute.

The bail bond is in substantial compliance with that stated to be a proper form in section 4239 of the Revised Code. It is approved by a justice of the peace, known to be such by the circuit court. Although he is required by section 4022 of the Revised Code to return all undertakings

of bail and examinations of parties to the circuit court, no particular manner of doing so is prescribed. If the parties did not execute the bond, they should make the objection by plea. It was sufficiently authenticated.

The defendant Gresham was not indicted for the offense with which the magistrate charged him, and for which the bail was given, but for the highest grade of unlawful homicide, to-wit, murder. The conditional judgment does not disclose what indictment was found against the accused, but it recites the undertaking, and in other respects complies substantially with the form prescribed in section 4254 of the Revised Code. The notice to Sprowl and J. B. Gresham, the sureties, sets out the judgment *nisi*, but the *alias* subsequently issued to W. M. Gresham, the principal, fails to do so, or to state any breach of the obligation.

The essential statement which the entry of the conditional judgment should contain is, that the accused was required to answer the charge which the recognizors have stipulated that he should answer. This is necessary to show a breach of the bond. If the accused is required to answer a charge variant from that described in the condition of the bail bond, this will not show a breach.—*Howie & Morrison v. The State,* 1 Ala. 113; *The State v. Weaver,* 18 Ala. 293. Section 4245 of the Revised Code provides that the undertaking is forfeited by the failure of the defendant to appear, although the offense is incorrectly described in such undertaking; the particular case or matter to which the undertaking is applicable being made to appear to the court. This of course applies to such misdescriptions as, nevertheless, apprize the parties of the nature of the offense for which the indictment is to be preferred, the same being indictable. It must also be taken to apply to cases in which the indictment embraces or includes the particular indictable offense mentioned in the undertaking of bail. While it would be manifestly unjust to hold a bail bond forfeited because the accused did not appear to answer an indictment for an offense altogether different, and not even suggestive of the one mentioned in

it, it would be equally unreasonable to let him go free because the grand jury deemed his conduct more wicked in degree than the magistrate. He would well know that a charge of manslaughter might result in an indictment for murder.

But the judgment *nisi* does not state that the accused was indicted for any offense. This is a fatal omission. There could be no failure to appear without a demand for appearance, and without an indictment there could be no demand, and consequently no breach.—*Hall v. The State*, 15 Ala. 431; *Badger & Clayton v. The State*, 5 Ala. 21.

As the accused was on bail, the clerk was at liberty to make a minute entry of the indictment.—Revised Code, § 4148. If the conditional judgment had stated an indictment for murder, we think there would have been a forfeiture of the bond by the failure of the accused to appear, notwithstanding the stipulation for a case of manslaughter.

The *alias sci. fa.* to W. M. Gresham was defective also in not stating a default.

The judgment is reversed, and the cause remanded.