# BADGER AND CLAYTON v. THE STATE.

1. Where a recognizance taken before a justice of the peace, has been signed and sealed by the principal and his surety, its validity is not affected by the failure to insert the name of the latter in a blank left for that purpose, in the body of it.

2. A statement made by a justice of the peace, preceding a recognizance, which shows the manner of its execution and who are the recognizors, is equivalent to a formal certification of those facts made at the foot of it.

3. A judgment *nisi*, on a recognizance reciting the charge to be the *exhibition of a circus without first obtaining a license according to law*, cannot be supported—

The statute making it indictable to *exhibit a circus for hire, pay, or emolument, without a license.*

4. A judgment may be rendered for the penalty of a recognizance, though this exceeds the amount of the forfeiture which the law imposes, upon a conviction of the offence with which the principal recognizor is charged.

5. The 25th section of the 8th chapter of the act " Regulating punishments under the Penitentiary system," makes the return of " Not found" to an *original* and *alias scire facias,* equivalent to personal service.

WRIT of Error to the Circuit Court of Jefferson.

The plaintiff in error, Clayton, was indicted for exhibiting " for hire, a circus, without obtaining a license from the clerk of the County Court" of Jefferson, and failing to appear, a judgment *nisi* was rendered against him and Badger, his co-plaintiff, who had previously entered into a recognizance with him as a surety; conditioned that he would appear at the Circuit Court, &c.　On this judgment an *original* and *alias scire facias* were issued; and the first returned " executed" as to Badger, and both " not found" as to Clayton.　And thereupon the following entry was made:—
" Came Matthew W. Lindsay, Esq., Attorney General, who prosecutes for the State of Alabama, and the defendant, Jonathan B. Badger, on whom alone process has been served, having failed to show cause why the judgment *nisi,* heretofore rendered, should not be made final:

" It is therefore considered by the Court, that said judgment be made final, and that the State of Alabama recover the costs in this behalf expended," &c.

BAYLOR, for the plaintiffs in error, made the following points :

1. That the recognizance on which the judgment is founded, is void in law.

2. The judgment does not follow the recognizance.

3. The judgment is rendered for a sum greater than the penalty prescribed by law.　[Lloyd, et al. v. The State, Minor's Rep. 34 ; the act of 1837, " The better to regulate the taxing of pedlars and shows."]

4. A judgment could not have been rendered against Clayton; because he was not served with process.　[Hayter v. The State, 6 Por. Rep. 156 ; Whitted v. The Governor, 7 Por. Rep. 335.]

THE ATTORNEY GENERAL for the State.

COLLIER, C. J.—1. It appears from the record that an affidavit was made before a justice of the peace of Jefferson, that Clayton had exhibited a circus for pay, without first obtaining a license from the clerk of the County Court; thereupon a warrant was issued for his arrest, &c. Then follows a recognizance in usual form, save only that the name of the surety is not inserted in its body, and it is not attested by the justice, but is preceded with the following statement: " And on the thirtieth day of November, in the year of our Lord one thousand eight hundred and forty, the said John Clayton, together with Jonathan B. Badger his security, entered into a recognizance before the said Simpson Robinson, esquire, a justice of the peace for the county and state aforesaid, in the words and figures following, to-wit."

We do not regard the case of Lloyd and others v. The State, as an authority adverse to the sufficiency of the recognizance. The objection there was, that the bond of the plaintiffs in error, was not authenticated, so as to inform the court, that it was taken as a recognizance, before any officer authorized by the law for that purpose.

In Howie & Morrison v. The State, [1 Ala. Rep. N. S. 113,] it was held that a recognizance was properly certified, which commenced thus—" Be it remembered, that on, &c,, came, &c., before me, &c., a justice of the peace in and for the county, &c., who acknowledged themselves, &c.," and at the foot was approved by the justice.

The certificate of the justice affirms, that the recognizance in the present case had been entered into by the principal and surety, before him. This we regard a substantial compliance with what was adjudged necessary and sufficient in the cases cited. The object of the recognizance must have been to effect what its terms indicate, and being signed and sealed both by the principal and surety, cannot be held to be invalid as to the latter, because his name was not inserted in the blank left for that purpose in its body. It sufficiently appears from the manner of the execution, and the statement of the justice who are the recognizors; and a formal attestation at the foot would not have imparted any additional validity, or authenticity to the recognizance.

The condition of the recognizance required that Clayton should appear at, &c. " to answer a charge of the State of Alabama, exhibited against him for exhibiting a circus for pay, without first

obtaining a licence from the clerk of the county court, &c." The judgment *nisi* recites, that Clayton " being solemnly called to come into Court, as he was this day bound to do by his recognizance, to answer a charge of the State of Alabama exhibited against him for exhibiting a circus without first obtaining a licence according to law, came not, but made default ;" that Badger being called to bring into Court the body of his principal, as he was bound to do by his recognizance, failed, &c. Then follows a judgment against both of the recognizors, for the sum of four hundred dollars, the penalty of the recognizance.

This proceeding was instituted under the third section of the act of 1837, " The better to regulate the taxing of pedlars and shows." That section requires, that every person who shall exhibit any circus, &c., for hire or emolument, shall first obtain from the clerk of the County Court of the county where the exhibition shall take place, a licence authorizing the same : and further, " every person who shall exhibit as aforesaid, without first obtaining such licence, shall forfeit and pay the sum of two hundred dollars, to be recovered by indictment in the *Circuit Court of the proper county*, for the use of the proper county, &c."

The offence denounced by the statute, though not literally, is yet described with sufficient accuracy in the condition of the recognizance ; but the judgment does not show that the principal recognizor was called, or his surety required to bring him to answer for any offence known to the law. It does not state the charge to be the exhibition of *a circus, for hire, pay, or emolument*, but *a circus, without first obtaining a licence according to law*. Now it may be strictly true, that a circus was exhibited, and no penalty incurred ; for to make such an act punishable, it is necessary that the person who did or caused it to be done, should have received hire, &c.

In Howie & Morrison v. The State—*Supra*—it was held not to be necessary to recite the entire recognizance in the judgment *nisi*, but it should be stated, that the accused was required to answer the charge which his recognizors had stipulated he should answer ; this is necessary to show a breach of the recognizance, without which it would not be forfeited. If the accused is required to answer a charge variant from that described in the condition of the recognizance, this will not show a breach; and a forfeiture in such a case is not provided for, and a judgment *nisi* cannot

be supported. It is essential therefore to ascertain if the record shows, that the accused was required to answer the charge specified in the recognizance."

*Further*—" If a suit was instituted on a bond with a like condition, and the breach was alleged in the same manner as in this judgment *nisi,* the declaration would be bad on demurrer; as much certainty is required in the judgment *nisi,* as is requisite in showing a breach of a contract in an action of debt; and as this is not shown in the present case, the judgment is erroneous."

This decision seems to us to be conclusive of the case at bar, and shows the necessity of a substantial conformity of the judgment to the recognizance. And it may be added, that the judgment is not only defective for a mis-recital of the charge against the principal recognizor, but as the *scire facias* can only be sustained by a valid judgment, it is defective in not stating any legal charge.

In respect to the third and fourth points, made by the counsel for the plaintiffs in error, it may be remarked that they are not well founded. The judgment is rendered for the amount of the recognizance, and nothing more, and that is only double the amount of the forfeiture which the statute imposes for the offence. There is no complaint that the penalty is excessive, and if there was, we cannot conceive how it could be redressed on error.

It is enacted by the twenty-fifth section of the eighth chapter of the act " Regulating punishments under the Penitentiary System," " Where an original and *alias* writ of *scire facias* issued upon a judgment *nisi,* rendered at the instance of the state, upon a forfeited recognizance, shall be returned ' not found,' such return shall be equivalent to the personal service of the process, and authorise the Court in which the judgment *nisi* was rendered, to make the same absolute : *Provided,* that such writs shall have been returned by the proper officer of the couuty, in which the forfeited recognizance shall have been entered into or acknowledged." This enactment is of a recent date, and abrogates the decision in Hayter v. The State, which was cited for the plaintiffs, and shows that it is not indispensable to the regularity of the proceeding, that process should be personally served on the parties.

The result is, that for the insufficiency of the judgment *nisi,* the confirmatory judgment cannot be sustained; it is consequently reversed, and the cause remanded.