Wheeler, J.
This case does not differ in principle from that of Daily et al. v. The State. (4 Tex. R., 417.) We there held, that to authorize a judgment upon a recognizance, it must have been taken to answer a charge which will) warrant a criminal prosecution. (5 Ala., 21; 1 Stew. & Port., 465.)
The case of West v. The Commonwealth (3 J. J. Marsh., 641) is in point.. Tlie recognizance was to answer an indictment for “gaming,” and it was-held invalid. Tlie court said: “ We know of no law which authorizes an indictment or a recognizance for gaming. A person maybe indicted-for permitting gaming in his house, or for setting up or keeping a prohibited gaming tabic or bank. But there is an essential difference between these offenses and tlie simple act of playing a game, or merely gaming. An indictment for‘gaining’would not be good. A recognizance to answer a charge for which a prosecution cannot -be maintained should not be enforced. Neither the recognizance nor the scire facias upon it will be sufficient to authorize a judgment against the principal or surety, unless tlie charge appears to be such as may he the subject of a criminal prosecution and which requires bail. It is not necessary to recite the specific charge. To answer a charge of felony would be sufficiently explicit, because for every felony an indictment will lie. But an indictment will not lie on every charge of ‘gaming.’ ” The. same may be said of the charge of “playing at a game of cards.” These words do not describe an indictable offeuse. There ‘must be something more than simply “ playing at a game of cards ” to subject the party to a criminal prosecution.
It does not, therefore, appear that the principal in the recognizance was bound to answer to an offense for which a criminal prosecution could be maintained. The recognizance consequently was not obligatory upon him or his-sureties, and no valid judgment upon it could be rendered.
Tne judgment is therefore reversed, and the proceedings upon the recognizance dismissed.
Judgment reversed.