BENJAMIN F. McDONOUGH v. THE STATE.

A recognizance to answer " an indictment now pending in said Court, against him, for betting money upon a certain game with cards," is bad, in that it recites a charge which is not an indictable offence; and the judgment on the *scire facias,* which had gone by default, was reversed and dismissed.

Objections apparent of record, which go to the foundation of the action, are equally available on error, as in arrest of judgment.

Quere, whether one who has been District Attorney, cannot afterwards appear against the State, in cases commenced by him while in office.

Error from Panola. Tried below before the Hon. Charles A. Frazer.

On the 14th of December, 1855, the plaintiff in error entered into recognizance in the District Court, conditioned that Benjamin McDonough should appear at the next Term, to answer to an indictment " now pending in said Court, against him, for betting money upon a certain game with cards." At the next Term, McDonough failing to appear, judgment nisi was entered on the recognizance, and *scire facias* issued. At the Spring Term, 1857, the parties having been served, and failing to appear, judgment final was entered against them by default. A motion in arrest of judgment was filed, signed S. P. Donley, Armstrong and Flanagan, for motion, on the ground, mainly, that the charge recited in the recognizance, was not an offence for which an indictment would lie. There was no order disposing

of this motion. But it appeared by a bill of exceptions, that S. P. Donley was the only one present, of the attorneys whose names were signed to the motion, and that the Court refused to permit him to present the motion, on the ground that it appeared to the Court from the records thereof, that said Donley was the District Attorney at the time of the indictment, recognizance, forfeiture thereof, and issue of *scire facias* thereon ; to which ruling defendant excepts, &c.

*Donley & Anderson*, for plaintiff in error, cited Daily v. The State, 4 Tex. R. 417 ; The State v. Cotton, 6 Id. 425 ; Cotton v. The State, 7 Id. 547 ; and argued that the Court erred in refusing to permit defendants to present their motion in arrest of judgment, by their attorney, S. P. Donley.

*Attorney General*, for defendant in error.

WHEELER, J. It is unnecessary to revise the action of the Court, refusing to entertain the motion in arrest of judgment. The writ of error has been prosecuted by other counsel, whose right is not questioned ; and as the objection taken in arrest of judgment goes to the foundation of the action, it is equally available on error, as in arrest of judgment. On the merits, the case comes clearly within the principle of the cases of Daily v. The State, (4 Tex. 417,) The State v. Cotton, (6 Id. 425,) and Cotton v. The State, (7 Id. 547.) On the authority of those cases the judgment must be reversed and the case dismissed.

Reversed and dismissed.