## ISAAC L. HILL V. THE STATE.

Judgment final on recognizances, bail bonds, and bonds taken for the preven-
tion or suppression of offences, may be brought to the Supreme Court by
writ of error.

A recognizance entered into by a defendant in May, 1858, which omitted to
"state distinctly the accusation against the defendant," he'd to be insuf-
ficient to support a judgment rendered thereon after the amendments to
the Code of Criminal Procedure took effect;—by one of which amend-
ments it is made sufficient that the "name" of the offence charged
against the defendant be stated.

A recognizance, defective in the above particular, cannot be aided by the
note put by the clerk of the court opposite to the title of the case, indica-
ting the offence of which the defendant was accused.

ERROR from Fayette.   Tried below before the Hon. George W.
Smith.

## Hill v. The State.

On the 26th of May, 1858, one Isaac W. Cox as principal and the plaintiff in error as his surety entered into a recognizance before the District Court of Fayette county, in the sum of one thousand dollars and conditioned for the future appearance of the said Cox. The caption to the entry upon the record of this recognizance was as follows:

"The State of Texas,
  v.
  "Isaac W. Cox,        } "Larceny of a Beef Steer."
  "R. M. Cox.

Besides this caption or title there was nothing in the entry to show the offence charged against the parties indicted.

On the 25th of May, 1859, the recognizance was declared forfeited and judgment *nisi* entered. *Scire facias* was served on the plaintiff in error on the 8th of November following, and he appeared and pleaded that there was no valid recognizance or judgment *nisi*. He also filed an answer attempting to show cause for the default of his principal.

The court held the showing insufficient, and, having inspected and heard the record of the recognizance and judgment *nisi*, rendered judgment final against Cox and the plaintiff in error for one thousand dollars, the amount of the recognizance. From this judgment, Hill prosecutes his writ of error.

*The Attorney General*, for the defendant in error, moves " to dismiss this cause for the reason that there is no authority given in the Code of Criminal Procedure for bringing up a cause by writ of error."

BELL, J.—The motion to dismiss is overruled, because Article 738 *b.* of the Code of Criminal Procedure provides that cases like this may be brought to this (the Supreme) Court by writ of error.

*Webb & Jarmon*, for the plaintiff in error—cited Art. 263 of Code of Criminal Procedure as originally enacted, and same article
39*

*Attorney-General*, for the defendant in error.

MOORE, J.—When the recognizance was given upon which the present judgment was rendered, the law required that it should state distinctly the accusation against the defendant, whose appearance was intended to be secured. This has not been done in this recognizance, and it must, therefore, be held insufficient to support the judgment against the plaintiff in error. The recognizance cannot be aided by the note of the clerk opposite to the title of the case. This forms no part of the recognizance in which the plaintiff in error bound himself, and if it could be regarded as sufficient to satisfy the requirement of the law to which we have just referred, provided it had been a part of the recognizance, it cannot be so considered in the present case.

Let the judgment be reversed and the recognizance quashed.

Judgment reversed.