## ROBERT F. GRIER v. THE STATE.

The 259th article of the Code of Criminal Procedure thus defines a recogni-
zance: "A recognizance is an undertaking entered into before the supreme
or district court, by the defendant to a criminal action and his sureties, by
which they bind themselves respectively, in a sum fixed by the court, that
the defendant will appear for trial before the proper court upon the accusa-
tion preferred against him. The undertaking of the parties, in such case, is
not signed, but made a matter of record in the court where the same is
entered into." (Paschal's Dig., Art. 2727, Note 707.) A recitation in a
recognizance, that the principal binds himself, &c., and the surety binds
"his heirs and legal representatives," without binding himself, is not suffi-
cient. The defect is fatal, although it has not been assigned for error.

ERROR from Karnes. The case was tried before Hon.
EDMUND J. DAVIS, one of the district judges.

Thomas Grier was indicted for "horse-stealing," in the
district court for Karnes county, and entered into a recog-
nizance, with the plaintiff in error as surety. The recog-
nizance recited, that "the said Robert F. Grier acknowl-
edged his heirs and legal representatives held and firmly
bound unto the State of Texas in the sum of $500, payment
thereof well and truly to be made: conditioned, that the
said Thomas Grier shall appear before the district court
of Karnes county, from day to day and term to term, to
answer a bill of indictment preferred against him by the
grand jury of Karnes county, at a former term, for 'horse-
stealing,'" etc. At the spring term, 1859, this recognizance
was declared forfeited; judgment was rendered against the
surety alone, and a *scire facias* issued, as shown in the
transcript. At the fall term, 1859, Robert F. Grier an-
swered the *scire facias* by stating, among other things, that
the respondent was not legally served; that Thomas Grier
was not made a party; that there was no recognizance
binding Thomas Grier to appear; that it did not specify
the offense; and other defects generally. This answer was
adjudged insufficient, and judgment was rendered against

Robert Grier alone for $500 and costs. A writ of error was sued out to reverse the judgment.

*Allen & Hale*, for appellant.—The plaintiff in error relies on the following positions and authorities:

1. A recognizance, to be valid, must strictly pursue the directions of the law under which it is taken (Whitted v. Governor, 6 Port., 335; State v. Arledge, 2 Sneed, 229.)

2. The recognizance in this case did not purport to bind the accused, as required by article 263, Code of Procedure, and the amendment, but only purported to bind his heirs and legal representatives. The surety, being interested in having a recourse against the accused, has a right to require a legal recognizance binding him. Nor does the recognizance state the time of the required appearance of the accused with sufficient certainty.

3. The *scire facias* does not follow the recognizance, or show the prerequisites for its issuance. (State v. Arledge, 2 Sneed, 229; Whitted v. Governor, 6 Port., 335; State v. Borroum, 25 Miss., 203; State v. Grigsley, 3 Yerg., 280; White & Chulcut v. Steele, 5 Yerg.. 183.)

4. The judgment is rendered against the surety alone, whereas it should be a joint judgment against the accused and the surety. (Code Prac., Art. 417; Burton *et al.* v. State, 6 Blackf., 339; Alley v. People, 1 Gil., 109, in U. S. Dig. Supp., 685, 686.)

*George Flournoy, Attorney General*, moved to dismiss.

DONLEY, J.—It is stated in the recognizance, that appellant acknowledged "his heirs and. legal representatives bound to the State in the sum of $500." The recognizance does not purport to bind the appellant.

Art. 259, O. & W. Dig., Code of Criminal Procedure, defines a recognizance as an undertaking entered into before the supreme or district court, by the defendant to a

criminal action and his sureties, by which they bind themselves respectively, in a sum fixed by the court, that the defendant will appear before the proper court upon the accusation against him.

In this case the defendant has not bound himself. The court cannot supply the defect in the recognizance.. This is a defect in the judgment that may be reversed, though not assigned for error, and is available on error in this court, although not presented in the court below. (McDonough v. The State, 19 Tex., 294.)

The judgment is reversed, and the cause

DISMISSED.

[NOTE.—The case presents the curious feature, that while the judgment was reversed and the cause dismissed, on the 1st February, 1867, Governor J. W. Throckmorton, on the 29th August, 1866, under the power to pardon and to remit fines and forfeitures, had remitted the judgment of $500, leaving the plaintiff in error only bound for the costs. This remission was filed, among the papers of this cause, on the 17th December, 1866. The court took no notice of it, but reversed the whole judgment.—REPORTER.]