## W. W. Montgomery v. The State.

1. The Penal Code defines no such offense as "larceny," and therefore a bail bond or recognizance conditioned to answer a charge of "larceny of a filly" is void.

Error from Colorado.   Tried below before the Hon. I. B. McFarland.

The material facts appear in the opinion of the court, but it is proper to add that the plaintiff in error was only the surety upon the recognizance of one Green, the party charged with the "larceny of a filly."

*Edward Collier*, for the plaintiff in error.

*E. B. Turner*, Attorney General, for the State.

Lindsay, J.—By the Criminal Code, there are four requisites prescribed to constitute a valid recognizance :   1. That it be acknowledged that the defendant is indebted to the State in the sum fixed by the court, and his sureties are also indebted in like manner.   2. That the name of the offense with which the defendant is charged be stated.   3. That it be apparent from the recognizance that the defendant is accused of an offense against the laws of the State.   4. The time and place, when and where, and the court before which the defendant is bound to appear.

From the very terms of the second and third requisites, it is manifest they are interchangeably corollaries from each other. The defined name of the *offense* cannot be given in the recognizance, without evincing that an offense is alleged to have been committed against the laws of the State; and *e converso*, if it appears in the recognizance that the defendant is accused of an offense against the laws of the State, this necessarily involves the

*name* of the offense.    Hence, it was very pertinently said in effect by our brother, Justice Walker, in the case of Barrera v. The State, decided at the present term of this court, that to state the name of the offense, which offense is a conclusion of law from facts, or, to state the facts from which is deduced the conclusion of law, in either case, it is sufficiently made apparent by the recognizance, that an offense against the law is charged.    And this is the accusation, whatever it may be, which the defendant is called before the proper court to answer.    This too is all the certainty which the law really demands in a recognizance or a bail bond. The legal effect of a recognizance and of a bail bond is identical. The only difference between them, in fact, is in the circumstances under which each is taken, and in the mere mode and manner of taking them.    The purpose and object of each is the same—to secure the appearance of a party in court to answer some accusation for a violation of the penal law, by an act of omission or of commission.    His duty is to respond to those acts of omission or of commission, which are either implied in the name of the offense charged, or are disclosed by the facts recited in the recognizance or bail bond.

In this case, the recognizance recites that the party bound himself to appear to answer to the charge of the "larceny of a filly."    Now, it so happens, and perhaps somewhat to the detriment of the public interest, that the Criminal Code, which is intended to be a complete system in itself, has defined no such offense as "larceny," whether of a "filly" or of any other species of property.    Consequently, this recognizance was not properly drawn, and does not bind the party to appear to answer to the charge of any offense known to the law.    This court, therefore, reverses the judgment of the court, making the judgment *nisi* final.

Reversed.