THE STATE v. THOMAS GORDON.

1. FORFEITURE OF DEFECTIVE BAIL BOND.—It is a sufficient answer to *scire facias* that the offense is not distinctly stated in the bail bond.
2. DEFECTIVE BAIL BOND.—A bond reciting that the accused "is charged by affidavit" of facts sufficient to constitute an offense, is insufficient to compel attendance upon the District Court, and a forfeiture of such bond will be set aside for such defect.

APPEAL from Titus.  Tried below before the Hon. James H. Rogers.

Thomas Gordon was indicted November 12, 1873, for theft of sixty dollars money, the property of S. P. Adams.

Filed in the case was a bond bearing date September 15, 1873, and approved by W. R. Edwards, sheriff of Titus county, in the sum of fifty dollars, by Gordon and eight sureties, "to be void if the said Thomas Gordon shall make his personal appearance before the honorable District Court for the county of Titus, *    *   to answer the State of Texas on a charge against him by affidavit of David Scurlock, of said county of Titus, wherein it is charged that on the 9th day of September, A. D. 1873, the said Thomas Gordon did take, steal, and carry away from and out of the possession of S. P. Adams, of said county and the State of Texas, the sum of sixty $\frac{50}{100}$ dollars, United States currency, with intent to deprive the owner of the value of the same, and to appropriate the same to the use and benefit of him, the said Thomas Gordon, and shall attend said court from day to day and term to term, and shall not depart therefrom without the leave of said court."

November 24, 1873, the bond was forfeited. At the March term, 1874, the sureties moved the court to set aside the judgment *nisi* and quash the bond.

Upon the motion the court rendered judgment quashing the bond and setting aside the judgment *nisi*, and the District Attorney appealed.

*George Clark, Attorney General*, for the State.

ROBERTS, CHIEF JUSTICE.—In this case, upon motion of the defendants, the court set aside the forfeiture *nisi* and quashed the bail bond upon which it was founded, which the State, upon appeal, assigns as error.

The bail bond required Thomas Gordon "to answer the State of Texas on a charge against him by affidavit of Daniel Scurlock," setting forth the facts of a theft of money. The bond neither gave the name of the offense with which he was charged as "theft," nor did it in any

way show why such an affidavit made by Scurlock authorized the sheriff or any one else to take a bail bond from Gordon, or that it was authorized by any court or tribunal having authority to require such bond. Nor does it appear therefrom that he had been legally accused of an offense, unless it had also been shown that some court had acted on it for the arrest of Gordon, and he had been bound over to answer the charge therein contained. And all this would have been a very unnecessary circuity of expression to show, as it should have done, that he was required to answer the State of Texas on a charge of theft.

The Code of Criminal Procedure on this subject prescribes that the bond shall require the defendant to appear before the proper court " to answer the accusation against him." And in order that the accusation may be shown to be such as to authorize the bond, it is further prescribed " that the offense of which the defendant is accused be distinctly named in the bond, and that it appear therefrom that he is accused of some offense against the laws of the State." (Pas. Dig., art. 2732, (264.)

The defect in this bail bond is that the name of the offense is not distinctly stated. And although there is a statement of facts, which might be sufficient in the place of a name, as it is a full description of the offense itself, that statement is recited in the bond to be by the affidavit of Scurlock, which is not a mode of accusation known to the law, except before a court of inquiry, to determine whether or not the defendant shall be bound over to answer the charge of theft therein contained. The accusation stated in the bond is not such an one as the defendant Gordon can legally be bound to answer in the District Court, being simply the accusation of an individual by affidavit.

Judgment affirmed.

AFFIRMED.