### JOHN J. SIVELY V. THE STATE.

1. MAKING THREATS.—There is no such crime as making threats, and a recognizance to answer such offense is a nullity.
2. RECOGNIZANCE—PRACTICE.—The insufficiency of description of the offense in the recognizance, can be taken advantage of by the sureties in a motion in arrest of judgment.

APPEAL from Red River. Tried below before the Hon. James Q. Chenoweth, Judge of the Criminal Court of Clarksville.

*Clark & Todd,* for appellant, cited Dailey *v.* The State, 4 Tex., 417; The State *v.* Cotton, 6 Tex., 425; Cotton *v.* The State, 7 Tex., 547; Leach *v.* The State, 13 Tex., 321; Hodges *v.* The State, 20 Tex., 497; The State *v.* Hutchinson, 26 Tex., 111.

*A. J. Peeler, Assistant Attorney General,* for the State.

IRELAND, ASSOCIATE JUSTICE.—Lane was indicted for making threats to commit serious bodily harm upon one Hays. He entered into recognizance for his appearance, with Sively as surety.

The recognizance recites that the defendant "stands charged with the crime of making threats." The defendant made default. Judgment *nisi* was entered on the recognizance; the parties regularly cited to show cause and judgment final for the want of an answer.

Two days after final judgment the sureties appeared and moved the court to set the judgment aside and grant a new trial, which was refused, and appellant Sively appealed. The final judgment was entered on the 10th, and there was a notice in arrest of judgment filed on the 12th of April. One of the grounds assigned in arrest of judgment is that "the recognizance does not name any offense of which said Lane stands charged, and does not bind him to appear and answer any charge." This motion was filed within two

days, and raised the question presented in this record. It is too clear for argument that there is no offense against any law of this State recited in the recognizance, and that it is a nullity and cannot support a judgment even by default.

For the error in overruling the motion in arrest of judgment the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.