R. C. McLaren *et al.* v. The State.

1. Bail-bond is fatally defective unless "the offense of which the defendant is accused be distinctly named in the bond, and it appear therefrom that he is accused of some offense against the laws of the state." Pasc. Dig., art. 2732. Note in the opinion the collocation of decisions upon this provision of the Code.

2. "Malicious Mischief" designates no offense against the laws of this state. Hence a recital in a bail-bond that the defendant is accused of "malicious mischief" is nugatory.

3. Notwithstanding judgment final has been rendered on a forfeited bail-bond, without objection that the bond neither named nor described any offense, yet, as the objection goes to the foundation of the action, it is available on appeal or writ of error.

Error from the District Court of Travis. Tried below before the Hon. J. P. Richardson.

The judgment was rendered in 1875.

*Sheeks & Sneed*, for the appellants.

*George McCormick*, Assistant Attorney General, for the State.

White, J.   One of the requisites prescribed by statute as to the sufficiency of a bail-bond is "that the offense of which the defendant is accused be distinctly named in the bond, and that it appear therefrom that he is accused of some offense against the laws of the state." Pasc. Dig., art. 2732, subdiv. 3.   The bail-bond in this case, upon which the forfeiture was taken and judgment *nisi* rendered, recited the offense with which defendant was charged to be "*malicious mischief.*"

Malicious mischief is nowhere defined by the written law of this state as a specific offense; and it is expressly provided by statute that "no person shall be punished for any act or omission as a penal offense, unless the same is expressly defined and the punishment affixed by the written law of this state." Pasc. Dig., art. 1605.   This objection was not made in the court below; but it is an objection which goes to the foundation of the action, and may be taken advantage of on appeal or writ of error. *Dailey* v. *The State*, 4 Texas, 419; *McDonough* v. *The State*, 19 Texas, 293; *Greer* v. *The State*, 29 Texas, 95.

In *The State* v. *Cotton*, 6 Texas, 425, it was held that "gaming" was not of itself an offense punishable by law; therefore a bond for the appearance of the principal to answer a charge of "gaming" was void.

In *Cotton* v. *The State*, 7 Texas, 547, it was held that a recognizance to appear and answer to a charge of "playing at a game of cards" was bad, because "playing at a game of cards" simply was not an indictable offense.

In *McDonough* v. *The State*, 19 Texas, 293, it was held that a recognizance to answer "an indictment now pending

in said court against him for betting money upon a certain game with cards '' was bad, in that it recited a charge which was not an indictable offense, and the judgment on the *scire facias*, which had gone by default, was reversed and dismissed.

In *Hill* v. *The State*, 27 Texas, 608, a recognizance which omitted to state distinctly the accusation against the defendant was held insufficient to support a judgment.

In *The State* v. *Gordon*, 41 Texas, 510, it was held a sufficient answer to the *scire facias* that the offense was not distinctly stated in the bail-bond.

In *Turner* v. *The State*, 41 Texas, 549, it was held that in a bail-bond the offense is sufficiently *named* if it be indicated by the definite name of the offense, or by direct statement of the matters and things with which the defendant is charged.

In *Lowrie* v. *The State*, 43 Texas, 602, it was held that a recognizance taken in a case where the offense is not known by any defined name, but is embraced by some generic term used in the Code—as, '' gaming ''—will be sufficient if it contain a reasonably certain description of the offense charged, so as to indicate the particular offense, or which one of the particular offenses is meant.

In *Sively* v. *The State* it was held that there was no such crime as '' making threats,'' and a recognizance to answer such offense was a nullity.  44 Texas, 274.  See, also, the following decisions of this court, since its organization: *Buie* v. *The State*, 1 Texas Ct. App. 58 ; *Coney* v. *The State*, 1 Texas Ct. App. 62 ; *Harris* v. *The State*, 1 Texas Ct. App. 614 ; *Wraybourn* v. *The State*, 2 Texas Ct. App. 7.

Because the bail-bond in this case did not state any offense known to the law which the obligors were required to appear to answer, the judgment is reversed and the case dismissed.

*Reversed and dismissed.*