[No. 1488.]

WILLIS ARRINGTON AND R. A. HOUSTON *v.* THE STATE.

1. PRACTICE—CASE STATED.—The defendant was arrested under a warrant issued by a justice of the peace of De Witt county, founded upon a complaint charging him with a felony in Gonzales county, and the warrant was made returnable before the county judge of the latter county, but the examination of the case was had before a justice of the peace of Gonzales county. *Held*, that the justice of the peace of Gonzales county had jurisdiction of the case as an examining court.

2. SAME—QUÆRE whether in a motion to quash an appearance bond in a *scire facias* proceeding it is competent for a defendant to assail the complaint under which he was arrested, as insufficient to charge an offense? But *held* that, whether or not such practice is competent, the complaint in this case is sufficient to charge the defendant with a felonious theft; and furthermore, the position is untenable because the complaint was not called in question before the examining court.

3. SAME.—COMPLAINT is not required to set forth the offense with the same particularity that is required in an indictment or information.

4. THEFT OF CATTLE—VARIANCE—CASE STATED.—The bond in this case describes the offense as "theft of neat cattle," and the complaint charges the defendant with stealing "one two-year-old steer and two yearlings." *Held*, that theft of cattle is an offense against the laws of this State; that all cattle are "neat" cattle; that theft of a steer and yearlings is comprehended in the offense defined as theft of cattle; and hence there is no variance between the offense named in the bond and that named in the complaint; and held further, that the bond in this case is sufficient to name distinctly the offense of which the defendant was charged.

5. PRACTICE—BAIL BOND taken and approved by a deputy sheriff while the examining court was in session, if it appears that it was so taken and approved by order of the magistrate, and with his knowledge, sanction and approval, is as valid as though the magistrate himself had actually taken and approved it.

APPEAL from the District Court of Gonzales. Tried below before the Hon. E. Lewis.

The appeal in this case was from the final judgment upon the forfeiture of the appearance bond of Willis Arrington, bailed in the sum of four hundred dollars, under a complaint charging him with the theft of one steer and two yearlings.

The State introduced in evidence the judgment *nisi*, and the

bond. The defendants then introduced on their behalf the complaint subscribed to before the county attorney of De Witt county, by George Lord, the charging part of which was "that the defendant Arrington, on the thirtieth day of February, 1882, in Gonzales county, did then and there steal one two-year-old steer and two yearlings from George Lord, contrary," etc.; the writ of arrest issued by the justice of the peace of precinct number one, De Witt county, Texas, returnable before the county judge of Gonzales county, and the judgment rendered by the justice of the peace of precinct number one, Gonzales county, fixing the bond of the defendant at four hundred dollars.

The defendant also introduced the justice of the peace of precinct number one, Gonzales county, who testified that he ordered the sheriff to take a bond for four hundred dollars from the defendant Arrington. He did not remember whether or not his court had adjourned when the bond was executed. The witness signed the judgment in this proceeding before he adjourned his court, but issued no warrant of commitment against the defendant Arrington.

*Fly & Davidson*, for the appellants.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, J. We think the motion to quash the bond was properly overruled. Defendant Arrington was arrested under a warrant issued by a justice of the peace of De Witt county, founded upon a complaint charging him with a felony committed in Gonzales county, and the warrant was made returnable before the county judge of the latter county, but the examination of the case was had before a justice of the peace of Gonzales county. In this we think there was no error, because the justice of the peace was a magistrate, and had jurisdiction to hear and determine the case as an examining court. (Code Crim. Proc., Arts. 248, 910, 916.)

Another objection presented by the motion to quash the bond is that the complaint upon which the warrant issued charges no offense against the law. If it is permissible for the defendant to make this objection to the bond, which we think is questionable, it is not in our opinion tenable. It is not required that a complaint should set forth the offense with the same particularity required in an indictment or information. (Code Crim. Proc.,

Art. 236.) While the complaint in this case would be defective as an indictment or information, still we think it is sufficient to charge the defendant Arrington with a felonious theft; and furthermore, the sufficiency of the complaint was not called in question before the examining court.

It is further objected to the bond that it fails to set out any offense against the law, and does not set out the same offense as the one charged in the complaint. In the bond the offense is stated to be "theft of neat cattle." In the complaint the defendant Arrington is charged with stealing "one two-year-old steer and two yearlings." "Theft of cattle" is an offense against the law of this State (Penal Code, Art. 766), and the use of the adjective "neat" does not affect the character of the act; and, besides, all cattle are neat cattle. (Webster's Dictionary, word "Neat.") Theft of a steer and yearlings would be theft of cattle, and hence there is no variance between the offense named in the complaint and that named in the bond and subsequent proceedings. It was sufficient to distinctly name in the bond the offense of which the defendant was accused. (Code Crim. Proc., Art. 378.) And this we think was done in this bond. (*State* v. *Gordon,* 41 Texas, 570; *Turner* v. *The State,* Id. 549; *Lowrie* v. *The State,* 43 Texas, 602; *Montgomery* v. *The State,* 33 Texas, 179.)

Still another objection made to the bond is that it was taken and approved by a deputy sheriff while the examining court was in session. It is shown by the record that the bond was taken under the order of the magistrate, and while his court was in session, and that thereupon the defendant by order of the magistrate was released from custody. We think this was sufficient, and that, although the bond was taken and approved by the deputy sheriff, it was with the knowledge, sanction and approval of the magistrate, and was as valid as if the magistrate had actually taken and approved the same.

There are other assignments of error which we think are not well taken, and which are not in our opinion of sufficient importance to be discussed.

We have found no error for which the judgment should be reversed, and it is therefore affirmed.

*Affirmed.*

Opinion delivered March 17, 1883.