[No. 1496.]

## CHARLES E. ADDISON AND OTHERS *v.* THE STATE.

1. BAIL BOND—INDICTMENT—CASE STATED.—A. was held to bail for his appearance before the District Court upon a charge of swindling. He was indicted in the District Court for theft, and, failing to appear, judgment *nisi* was entered against him and his sureties, and subsequently was made final. *Held*, that an indictment for theft will not support the forfeiture of a bail bond for swindling.

2. SAME.—JUDGMENT NISI must state that the same will be made final unless good cause be shown at the next term of the court why the defendant did not appear. This requirement of the Code is not satisfied by a citation "to show cause, if any they have, why said judgment as here renrendered shall not be made final and absolute."

APPEAL from the District Court of Wood. Tried below before the Hon. J. C. Robertson.

The opinion states the case. The amount of the bond adjudged was three hundred dollars.

*L. Y. Wright* and *Giles & Cate,* for the appellants.

*J. H. Burts,* Assistant Attorney General, for the State.

HURT, JUDGE. Charles Addison was arrested, taken before the examining court and held to bail for his appearance before the District Court to answer the State's charge of swindling. Coker, Williams and another were his sureties upon the bond. At the next term of the District Court Addison was indicted for *theft,* whether of the property charged to have been obtained by the swindle, or not, does not appear.

The case for *theft* being called, Addison failing to appear, his bond was forfeited and judgment *nisi* entered. *Scire facias* issued and the sureties were served. Upon final trial the appellants relied upon the fact that, as Addison was not indicted for *swindling,* they were not responsible on their bond. This, however, failed them, and final judgment being entered against them, they appealed to this court.

The indictment offered by the State was for *theft;* the offense named in the bail bond was *swindling.* Were the sureties responsible on this bond for the appearance of their principal to answer the indictment for theft? They were not. (*Foster* v. *The State,* 27 Texas, 237; *Turner* v. *The State,* 41 Texas, 549; *Duke* v. *The State,* 35 Texas, 424; *The State* v. *Gordon,* 41 Texas, 510; *Smalley* v. *The State,* 3 Texas Ct. App., 202; *McAdams et al.* v. *The State,* 10 Texas Ct. App., 317.)

Though not assigned for error, we will call the attention of the court below to the judgment *nisi,* the latter portion of which is as follows: "to show cause, if any they may have, why said judgment, as here rendered against them shall not be made final and absolute."

This is not correct. The Code requires that it, the judgment, shall state that the same will be made final unless good cause be shown at the next term of the court why the defendant did not appear. (Code Crim. Proc., Art. 441; *Collins* v. *The State*, 12 Texas Ct. App., 356.)

For the error above indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered October 10, 1883