[No. 3125.]

## L. L. Vivian v. The State.

1. Scire Facias.—Bail Bond executed before indictment is not vitiated because it fails to name the precise offense of which the principal therein was subsequently indicted. It is sufficient if it name some offense against the laws of the State.

2. Same—Theft is *eo nomine* an offense against the laws of this State, and it includes the theft of certain animals. The bond in this case, executed before indictment, recited that the accused was charged with the theft of animals. It is urged that, in failing to specify the kind of animals stolen, the bond is not in compliance with the law. But it is *held* sufficient, under subdivision 3 of Article 288 of the Code of Criminal Procedure. See the opinion *in extenso* on the subject.

3. Same.—Bail Bond in stating the place where the accused is bound to appear is sufficient if it specify the name of the court or magistrate, and of the county. The bond in this case conditions that the accused "shall be and appear before the honorable District Court on the first day of the next term thereof, to be begun and holden at the court house in Carrizo Springs, in said county, on," etc. The bond nowhere recites the name of a county, but recites that the accused has been arrested by virtue of a warrant issued by "J. R. Sweeten, J. P. Pr. No. 1, D. C." *Held,* that this court is not authorized to presume that the initials "D. C." signify "Dimmit County," nor that "Carrizo Springs" are in Dimmit county. In this respect the bond fails to state the name of the county before the district court of which the accused was bound to appear, and for that reason the motion to set aside the judgment *nisi* should have prevailed.

Error from the District Court of Dimmit.     Tried below before the Hon. D. P. Marr.

The writ of error in this case was prosecuted from judgment final on the forfeiture of the bail bond of J. B. Hopper, bailed under a warrant charging him with the offense of theft of ani-

mals.  One thousand dollars was the amount of the bond and the judgment.

*Ware & Lewis,* for the plaintiff in error.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE.  1.  The bail bond upon which the judgment appealed from is found describes the offense of which the principal therein was accused as the "theft of animals," without specifying the kind of animals.  It is insisted that this is not a compliance with one of the essential requisites of a bail bond, which requires "that the offense of which the defendant is accused be distinctly named in the bond, and that it appear therefrom that he is accused of some offense against the laws of the State."  (Code Crim. Proc., Art. 288, subdiv. 3.)

In this case the bail bond was executed *before* indictment found.  In such case the rule is that the bond is not vitiated because it fails to name the precise offense of which the principal therein was subsequently indicted.  It is sufficient if it name some offense against the law of the State.  (*Barrera* v. *The State,* 32 Texas, 664; *Keppler* v. *The State,* 14 Texas Ct. App., 173.)  Theft is an offense *eo nomine* against the law of this State, the offense being fully defined by name.  (Penal Code, Art. 745.)  It includes several *species,* to wit, theft from the person, theft of animals, theft which is a felony, and theft which is a misdemeanor.  Whilst it is true that all animals are not the subject of theft, it is also true that the theft of certain animals is an offense against the law.  Taking animals not the subject of theft would not be *theft of animals,* and those words cannot be used without naming an offense known to the law.

This case is not like the case of *Keppler* v. *The State,* 14 Texas Court of Appeals, 173, where it was held that the words "wilful burning" did not necessarily name an offense against the law.  There might be a "wilful burning" which is not made an offense against the law.  So there might be "malicious mischief" (*McLaren* v. *The State,* 3 Texas Ct. App., 680), or "gaming" (*State* v. *Cotton,* 6 Texas, 425), which would not come within the definition of any offense named in the Penal Code; but there could not be a *theft* of animals, or a *theft* of anything else, which would not be an offense against the law, for all *theft* is punishable under our law.  It would have been sufficient

if the bond had named the offense as *theft* without specifying
"of animals." (*Montgomery* v. *The State*, 33 Texas, 179; *Turner*
v. *The State*, 41 Texas, 549; *Lowrie* v. *The State*, 43 Texas, 602;
*Gordon* v. *The State*, 41 Texas, 510.) We are clearly of the opin-
ion that the bail bond in this respect is valid.

2. It is objected to the bail bond that it does not state the
place where the accused binds himself to appear, and the court
before which he was to appear. It is conditioned that the ac-
cused "shall be and appear before the honorable district court
on the first day of the next term thereof, to be begun and holden
at the court house in Carrizo Springs in *said county* on" etc.
There is no *county* anywhere named in the bond. It is recited
in the bond that the accused had been arrested by virtue of a
warrant issued by "J. R. Sweeten, J. P. Pr. No. 1, D. C." But
we cannot be permitted to conjecture and hold that the letters
"D. C." signify Dimmit county. They might as well mean De-
Witt, Duval, Donley, or any other county having the letter "D"
for its initial. Nor can we take judicial notice that "Carrizo
Springs" are in Dimmit county. (*Hoffman* v. *The State*, 12
Texas Ct. App., 406; *Terrell* v. *The State*, 41 Texas, 463.)

In stating the place where the accused is bound to appear "it
is sufficient to specify the name of the court or magistrate, *and*
*of the county*." (Code Crim. Proc., Art. 288, subdiv. 5.) This
bond states the name of the court, that is the district court, but
does not state of what county, or in what county it is to be held,
nor does it state any facts which show that the court intended
was the district court of *Dimmit* county. If it had stated that
the accused had been arrested by virtue of a warrant issued by
J. R. Sweeten, a justice of the peace in and for the county of
Dimmit, and had been held to bail by said justice, and had then
been conditioned that the accused would appear before the dis-
trict court, we would hold, as was held in *Hodges* v. *The State,*
20 Texas, 493, that it must be intended that it was the district
court of the same county in which he had been so held to bail.
But there is nothing in this bond from which we can conclude
that the accused was bound to appear before the district court
of Dimmit county; and this being the case, we are of the opin-
ion that the bond is fatally defective, and that appellant's mo-
tion to set aside the judgment *nisi* should upon this ground have
been sustained.

We find in the record the conclusions of the learned judge who
tried this case upon the facts and the law, and we agree with

him fully as to his conclusions of the law in so far as stated in the record. But it seems he overlooked the defect in the bond which we have just discussed. At least he does not mention it among the questions determined by him. This defect was made one of the grounds of appellant's motion to set aside the judgment *nisi,* and is, in our opinion, the only ground of his motion which is well taken.

Because the bail bond is insufficient in not stating the place where the accused bound himself to appear, and the court before which he was to appear, the judgment is reversed and this proceeding is dismissed.

*Reversed and dismissed.*

Opinion delivered May 21, 1884.