[No. 1783.]

Thomas Murphy and others *v.* The State.

Scire Facias — Bail Bond. — The bail bond in this case is conditioned that the principal shall appear to answer an information filed by a justice of the peace, charging him with an aggravated assault and battery, and concludes by obligating him to appear and answer " said accusation preferred against him in an indictment." *Held*, that the bond is fatally defective, because, if the first recitals be treated as surplusage, then the bond names no offense, and because, if the first recitals be treated as binding, then it appears that he is bound to answer an information filed by a justice of the peace; to do which, such officer has no authority. The bond should show that the principal obligor was *legally* charged with an offense.

Error from the District Court of Franklin. Tried below before the Hon. B. T. Estes.

The writ of error in this case was prosecuted from judgment final on the forfeiture of the appearance bond of Thomas Murphy, bailed under an accusation of aggravated assault and battery. The amount of the bond and judgment was $100.

*W. P. McLean* and *J. B. Stringer*, for the plaintiffs in error.

*J. H. Burts*, Assistant Attorney General, for the State.

White, Presiding Judge. This writ of error was taken from a judgment final on a forfeited appearance or bail bond, the conditions of which are as follows, viz.: "the condition of this obligation is such that, whereas the above bounden Thomas Murphy was, on the 14th day of October, 1882, arrested by the sheriff of Franklin county in the State of Texas by virtue of capias No. 124, issued by the clerk of the district court of Franklin county, in and for said State, where an information was filed by T. H. Turner, a justice of the peace of Franklin court of the county, accusing the said Thomas Murphy of aggvt assault and battery, contrary to the laws of the State of Texas: Now if the said Thomas Murphy shall ap-

pear before the district court at the next term thereof, being the April term, to be holden in and for the county last aforesaid at the court house thereof in the town of Mt. Vernon, on the 10th Monday after the 1st Monday in February, A. D. 1882, and then and there to answer to the said accusation preferred against him in the said indictment, and continue his attendance upon said court from day to day and from term to term as aforesaid, and not depart from said court without leave until discharged by due course of law, then this obligation to be null and void; otherwise to remain in full force and effect."

A motion was made to quash the bond, which motion was overruled. From the first part of the recitals in the bond it appears that appellant Murphy was arrested to answer an information filed by one Turner, a justice of the peace, charging him with aggravated assault and battery, but afterwards he obligates himself to appear and answer said accusation preferred against him in an indictment. If we treat the recitals in the first part of the bond as surplusage, then, when we come to the latter part, we would have no offense stated in the bond, and it would not comply with the statute which requires that the offense of which the defendant is accused be distinctly named. (Code Crim. Proc., art. 288, sub-div. 3.) If we take the first recitals as binding, then it appears that the charge is that a justice of the peace has filed an information against him, charging him with an aggravated assault. We know of no authority which authorizes a justice of the peace either to prefer and present an indictment or to file an information; the one is the work of a grand jury, the other a duty imposed alone upon a county or district attorney. (Code Crim. Proc., arts. 419, 429.) It must appear from the face of the bond that a defendant *is legally* accused of some offense. (Code Crim. Proc., art. 288; *McLaren* v. *The State*, 3 Texas Ct. App., 680; *State* v. *Gordon*, 41 Texas, 510.) Such is not made to appear by the recitals in this bond, and the same should have been quashed on defendant's motion.

Because the bond is fatally defective in that it does not show that defendant was accused of any offense against the laws of the State, the judgment of the court below is reversed and the cause dismissed.

*Reversed and dismissed.*

[Opinion delivered October 29, 1884.]